### KENTUCKY COAL LANDS CO. v. MINERAL DEVELOPMENT CO.

(Circuit Court of Appeals, Sixth Circuit. January 11, 1924.)

No. 3883.

1. **Appeal and error ⊜⟹1012(2)—Appellate court will not consider weight of evidence.**

If there is any substantial evidence to support the finding of the trial court, the appellate court, in a proceeding in error, will not consider the weight of the evidence.

2. **Assignments ⊜⟹9—Deeds ⊜⟹8—Any interest in land may be conveyed by deed under Kentucky statute.**

Under Ky. St. §§ 2341, 2359, any interest in land, present or future, vested or contingent, may be conveyed by deed.

3. **Corporations ⊜⟹398(3)—Instrument executed to sole stockholder may inure to benefit of corporation.**

Where the owner of land sold and conveyed the timber thereon, with a reversion of such as was not removed within a stated time, and the grantee conveyed the same to a corporation formed by him, and of which he owned all the stock, except qualifying shares for directors, an instrument extending the time for removal of the timber, though executed to him individually, *held* valid and effective as to the corporation.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action at law by the Kentucky Coal Lands Company against the Mineral Development Company. Judgment for defendant, and plaintiff brings error. Affirmed.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff in error brought an action in the district court to recover damages from the Mineral Development Company for cutting and removing standing trees from the property of the plaintiff. The plaintiff's title to the land from which these trees were cut and removed was involved in a former litigation between these parties and adjudged in plaintiff's favor. That judgment was affirmed by this court (259 Fed. 118, 170 C. C. A. 186), and an application for a writ of certiorari was denied by the Supreme Court (250 U. S. 641, 39 Sup. Ct. 492, 63 L. Ed. 1185).

On January 16, 1903, the Kentucky Coal Lands Company conveyed this standing timber to John W. Tuggle, which deed of conveyance granted to Tuggle six years from January 23, 1901, to cut and remove the same. It was further provided in this deed of conveyance that, "if all or any of the trees and stumps hereby granted to the party of the second part be not cut and removed from the land of the party of the first part within the six years next succeeding January 25, 1901, all right, title, and interest therein shall immediately upon the expiration of said period revert to and revest in the party of the first part." On April 27, 1906, the following paper writing, designated in briefs and argument of counsel as the "Tuggle Extension," was executed and delivered by A. K. Cook, purporting to be the agent of the Kentucky Coal Lands Company:

"In consideration of the fact that John W. Tuggle has instituted and is now prosecuting in the United States Circuit Court for the Eastern District of Kentucky a suit against the Mineral Development Company concerning the title to the timber which the Kentucky Coal Lands Company heretofore deeded to the said Tuggle, and which suit involves the title to the land on which the timber stands: Now, in consideration thereof, the Kentucky Coal Lands Company agrees with said Tuggle that the time of the pendency of said suit shall be excluded from the time given to said Tuggle for the removal of said timber.

"In testimony whereof the Kentucky Coal Lands Company has caused its name to be hereto subscribed by A. K. Cook, its duly authorized agent, this the 27th day of April, 1905. The Kentucky Coal Lands Company,

"By A. K. Cook, Agent."

Before the execution and delivery of this paper writing, purporting to extend the time in which the timber could be cut and removed, John W. Tuggle had transferred and assigned all his right, title, and interest therein to the Tuggle Land & Timber Company, a company organized by him and for his purposes, and of which he owned practically all the stock, except a number of qualifying shares. Shortly after the Tuggle extension was executed and delivered to him, the Tuggle Land & Timber Company reconveyed its interests to John W. Tuggle.

It is insisted upon behalf of the defendant that, the Kentucky Coal Lands Company having conveyed all its right, title and interest in this standing timber to John W. Tuggle, except the reversion of the title thereto, in event it was not cut and removed within the time limit, and having extended to him the time in which he would be permitted to cut and remove this timber until February 5, 1910, it was not the owner of the timber, nor did it have any right, title, or interest therein, in 1909, when the timber was cut and removed by these defendants.

As a further defense it is asserted upon behalf of the defendant that the question of the title to this timber was conclusively settled in a suit brought by the Tuggle Land & Timber Company, assignee of John W. Tuggle, against the Mineral Development Company in 1904, which was decided in 1907 in favor of the Mineral Development Company; that the appellee was a party to that suit by representation and is bound by the decree therein.

A written waiver of jury was filed, and the cause submitted to the District Court upon the pleadings and the evidence without the intervention of a jury. That court found in favor of the defendant, and entered a judgment dismissing the amended petition at the cost of the plaintiff.

W. R. Middleton, of Detroit, Mich. (Cleon K. Calvert, of Pineville, Ky., Clifford B. Longley, of Detroit, Mich., and J. C. Jones, of Frankfort, Ky., on the brief), for plaintiff in error.

J. F. Bullitt, of Philadelphia, Pa., and C. M. Harbison, of Lexington, Ky. (Dishman & Tinsley, of Barbourville, Ky., Worthington, Browning & Reed, of Maysville, Ky., and Wilson & Harbison, of Lexington, Ky., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). It is claimed on the part of the Kentucky Coal Lands Company that its deed to John W. Tuggle for the standing timber on the land described in the petition conveyed to Tuggle, a determinable fee; that Cook had no authority as its agent to extend the term for removing the timber; and that, even if he had such authority, the title that remained in the grantor was only a possibility of reverter, which could not be aliened to a third person.

[1] The trial court found from the evidence that Cook was a statutory attorney of the Kentucky Coal Lands Company from the date of its organization, about 1903, until the year 1910; that during that time he was also the attorney at law and attorney in fact for the Kentucky Coal Lands Company, with power to sell timber upon its lands and make contracts concerning such sale. The finding of the trial court is sustained by substantial evidence. This court will not consider the weight of the evidence. Bristol Co. v. Boy (C. C. A.) 261 Fed. 297; Reid et al. v. U. S. (C. C. A.) 276 Fed. 253. The finding supports the conclusion of the trial court that Cook had authority to make the Tuggle extension, which conclusion we affirm.

[2] For the purposes of this case, it is unnecessary to determine whether the estate granted to Tuggle by the plaintiff's deed of conveyance of this timber was a determinable fee or an estate upon a condition subsequent. The claim made by the plaintiff in error that all that remained to the grantor was a possibility of reverter which could not be aliened to a third person, and that Tuggle was a stranger to the title, is fully answered by sections 2341 and 2359 of the Kentucky Statutes. 2 Stanton's Rev. St. c. 80, § 6 (now section 2341), was construed by the Kentucky Court of Appeals in Nutter v. Russell, 3 Metc. 163, in which case that court held:

"The effect of this enactment is to obviate at once all the difficulties growing out of the distinctions which had been established, by judicial construction, between such estates as were alienable and such as were not. It will not be doubted, we suppose, that under this statute every conceivable interest in, or claim to, real estate, whether present or future, vested or contingent, and however acquired, may be disposed of by deed or will."

Section 2359 is even broader in its terms than section 2341, and applies particularly to an estate in reversion.

[3] However that may be, this Tuggle extension did not purport to be, and was not, an alienation to a third person of the grantor's possibility of reverter. It is clear from this evidence, and the trial court so found, that it was the purpose and intent of this paper writing to ex-

tend the time for the removal of this timber to Tuggle, the grantee in the deed conveying the title thereto, or his assigns. The trial court further found that Tuggle was the owner of all the stock of the Tuggle Land & Timber Company, except enough shares to qualify directors, and that he was, in the contemplation of the parties, the same as the Tuggle Land & Timber Company. Sudduth v. Storm King Coal Co. et al. (C. C. A.) 268 Fed. 433, 440.

While the Sudduth Case, supra, involved equitable considerations, yet in that case two or three individuals owned all the stock in the corporation, and merely used that corporation as a convenient instrumentality through which to conduct the business in which they were engaged. This seems to be true of the Tuggle Land & Timber Company, which was wholly in the control of Tuggle, and to all intents and purposes was Tuggle himself, although in legal effect a distinct and separate entity. This "Tuggle extension" was not a grant, or intended to be a grant, of the reversion, but merely a change in the time appointed in the deed when, upon the happening of the condition named therein, the title would revest in the Kentucky Coal Lands Company. On its face it purports to be no more than an extension of this time for the benefit of the owner of the fee in the timber.

Tuggle's name was evidently written therein through inadvertence. It contains the statement that "John W. Tuggle has instituted and is now prosecuting  *  *  *  a suit against the Mineral Development Company concerning the title to the timber." John W. Tuggle was not individually prosecuting this suit. On the contrary, it was being prosecuted by the Tuggle Land & Timber Company. If there were any doubt that this extension was for the benefit of the then owner of the timber, Tuggle very shortly thereafter procured a reconveyance of this timber to himself, so that, as of that date, if not on the date the extension was written, the right to the extension and the determinable fee merged in one and the same person, and must now be construed the same as if the extension were written into and a part of the original deed of conveyance.

It follows that the Kentucky Coal Lands Company had no interest whatever in this standing timber in the year 1909, when it was cut and removed by the defendant, and therefore cannot maintain this action. That being true, it is wholly unnecessary to consider and determine the question of res adjudicata.

For the reasons stated, the judgment of the District Court is affirmed.