PASCHALL v. ROYALTIES, Inc., et al.

No. 32557. March 18, 1947.

Rehearing Denied June 10, 1947.

*181 P. 2d 558.*

P. D. Erwin, of Chandler, for plaintiff in error.

Fred P. Branson, of Muskogee, and Courtland M. Feuquay, of Chandler, for defendants in error.

RILEY, J. Prior to November 14, 1925, Clifford Trumbly and Addie May Trumbly were husband and wife. The title to the land here involved was in Clifford Trumbly. On that day, the wife was granted a divorce. The land here involved was then leased for oil and gas purposes. The land was awarded to the husband, Clifford Trumbly, except that the wife, Addie May Trumbly, was decreed an undivided ¼ interest in all royalties paid from the production or extraction of minerals, oil, or gas, in and under said land, as her separate property. A deed conveying that interest to her was later executed by Clifford Trumbly.

After the divorce, Clifford Trumbly gave a deed conveying said land to Katherine Jones. The deed from Clifford Trumbly to Katherine Jones did not, in the granting clause, reserve any interest in the oil and gas rights, but in the habendum clause he reserved an undivided ½ interest in and to the oil and gas rights.

It appeared that this was not the true intent of the parties unless it be said that Clifford was reserving to himself a ¼ interest and also reserving the ¼ interest which had theretofore been decreed to his former wife. To correct this apparent ambiguity, Clifford Trumbly later gave Katharine Jones what was termed a correction deed. Therein, Clifford Trumbly reserved to himself, and his heirs, an undivided ¼ interest in and to the oil, gas and minerals produced, found, or saved from said land, expressly stating that he was to have no part in the lease money paid under the existing lease or any other oil and gas lease. That made it clear that Clifford Trumbly was reserving to himself only a ¼ interest and this was to be a non-participating interest, and it was recited therein that this deed was given to correct the error in the former deed. The warranty clause excepted the undivided ¼ royalty interest previously decreed to Addie May Trumbly.

On April 20, 1935, Katharine Jones conveyed the land to John N. Paschall except an undivided ¼ interest in the oil and gas thereunder, theretofore sold to J. C. Miller, and except the undivided ½ interest in the royalties to be paid from any oil and gas produced from said land, with full right to lease the land and receive and retain any bonus or rental money.

On October 19, 1927, Clifford Trumbly conveyed to Fred P. Branson an undivided ¼ interest in and to the oil, gas, and other minerals in and under said land. This deed purported to give the right to the grantee, Branson, to receive ¼ of any money paid for the renewal of the then existing lease and ¼ of any future bonus money or rentals. (This rental or bonus rights, however, were not reserved by Clifford Trumbly in his correction deed to Katharine Jones.)

On October 26, 1927, Addie May Trumbly sold and conveyed to Fred P. Branson an undivided ¼ interest in and to all the oil, gas, and other minerals in and under said land. This grant was also made subject to the then existing oil and gas lease covering the land, but it purported to convey to the grantee the further right to be paid ¼ of all money paid to extend the term of the existing lease and ¼ of all future rentals or bonus money paid under any new lease.

On January 20, 1928, Fred P. Bran-

son conveyed to W. R. Shirley an undivided ¼ interest in and to the oil, gas, and other minerals in and under said land, subject to the existing oil and gas lease, with the right to receive ⅛ of the rental paid to extend said lease and in the event that lease should expire, then the right to receive ⅛ of the lease interest and future rental for oil and gas purposes.

On March 8, 1930, W. R. Shirley conveyed to Royalties, Incorporated, an undivided ⅛ interest in and to the oil, gas, and other minerals in and under said land, subject to any existing oil and gas lease, with right to receive ⅛ of any money paid for the extension of said lease and ⅛ of any bonus or rentals paid for any new oil and gas lease.

This action was commenced by John N. Paschall to quiet title to said tract of land. Plaintiff alleged that he was the owner in fee simple of said tract of land, except the ¼ interest sold to J. C. Miller and except a ¼ interest in the royalties to be paid from any oil and gas produced from said land, but with full right to lease the same for oil and gas purposes and to receive all bonuses, rentals, etc., as to the ¾ interest in said land. He then alleged the defendants, Royalties, Incorporated, W. R. Shirley, and Fred P. Branson claimed some right, title, or interest in said land but that said interests claimed adversely to plaintiff are without merit.

Defendants Royalties, Incorporated, W. R. Shirley, and Fred P. Branson answered claiming that they were the owners of a ¼ participating interest in the oil and gas rights and a ¼ non-participating royalty interest in the premises, alleging that they acquired their respective interest from Addie May Trumbly and Clifford Trumbly.

Whatever oil and gas rights Addie May Trumbly got under the decree of divorce and the deed made pursuant thereto are now owned by defendants, Royalties, Incorporated, W. R. Shirley, and Fred P. Branson. Her rights were defined by the divorce decree and the deed from Clifford Trumbly to her, which deed is found in the record at pages 82 to 85. Whatever interest Clifford Trumbly reserved to himself in conveying to Katharine Jones is also now owned by defendants, Royalties, Incorporated, W. R. Shirley, and Fred P. Branson. That interest is defined in the correction deed from Clifford Trumbly to Katharine Jones.

The trial court held and decreed that plaintiff, John N. Paschall, owns the land in fee simple except an undivided ¼ interest in the oil and gas rights which had been sold to and is now owned by J. C. Miller, and except a ½ non-participating royalty interest in all oil, gas, and other minerals in and under said land, with sole right in plaintiff to lease said land for oil and gas purposes and receive and retain all bonuses, rentals, delay rentals, etc., paid for the extension of or under the terms of any lease.

The court also decreed that the interest of defendants Royalties, Incorporated, and Fred P. Branson is an undivided ½ interest in the landlord's royalty to be paid from any oil, gas, or other minerals produced from said lease, without the right to participate in any bonus paid for any oil or gas lease and without right to have or receive any rentals or delay rentals under such lease.

Plaintiff Paschall appeals, asserting error in awarding defendants a non-participating ½ landlord's royalty interest in the land. Defendants filed a cross-petition in error, but said cross-petition has been dismissed by this court.

The evidence is almost entirely documentary; the various instruments speak for themselves. It is clear from the record that Clifford Trumbly was the owner of the land; that in the decree of divorce his wife, Addie May Trumbly, was awarded an undivided ¼ of all royalties paid from the production or extraction of minerals, oil, or gas from said premises, as her sep-

arate property. From the decree, it appears that this was not intended as a "participating" interest. After this decree was entered, Clifford Trumbly was the owner of all the surface rights and ¾ of all mineral rights in and to said land, and his former wife was the owner of the interest decreed to her, effective November 19, 1925.

By the first deed to Katharine Jones, she became the owner of all of said premises except the ½ interest in the oil, gas, and mineral rights, no mention being made of the outstanding interest of Addie May Trumbly. It was not clear whether the ½ reservation made in the deed was intended to include the interest of Addie May Trumbly. Thereafter, on March 17, 1927, Clifford Trumbly executed what was termed a correction deed, wherein Katharine Jones was the grantee, and whereby he conveyed the premises to Katharine Jones but reserving to grantor, his heirs and assigns, ¼ interest in and to all oil, gas, and minerals produced, found, and saved from said land. This deed also excepted, from the warranty, the ¼ interest previously decreed to Addie May Trumbly. It was apparently after that and before Katharine Jones conveyed any interest in the premises to plaintiff, Paschall, that an undivided ¼ interest in the oil and gas rights was sold to J. C. Miller by Katharine Jones, although the record does not specifically so show. Anyway, on April 20, 1935, Katharine Jones executed a deed to plaintiff John N. Paschall, whereby she sold and conveyed to him said land and warranted the title thereto:

"except an undivided ¼ interest in the oil and gas rights sold to J. C. Miller and except the undivided ½ interest in the royalty to be paid from any oil or gas produced from said land, granting and conveying to the grantee herein the full right to lease said land for oil and gas purposes and to receive any and all bonuses from the sale of the lease and the annual renewals on any and all leases as to ¾ interest in said land."

It is apparent from this instrument that the grantor was excepting from the grant the ¼ interest in the oil and gas rights which had theretofore been sold to J. C. Miller. The grantee, Paschall, understood that he was not acquiring that ¼ interest and recognized that outstanding interest in his petition. It is equally clear that the grantor, Katharine Jones, was excepting from her warranty a further ½ interest in the royalty to be paid from oil and gas produced from said land. This could only mean the ¼ interest which Clifford Trumbly had reserved to himself and his heirs in the correction deed and the undivided royalty interest theretofore decreed to Addie May Trumbly.

Plaintiff contends that by the two deeds which Clifford Trumbly gave to Katharine Jones, he conveyed to her all his interest in the land, for the reason that in the first deed he reserved or excepted nothing in the granting clause and that anything contrary thereto in the warranty clause was insufficient as a reservation of any interest. But, by accepting the correction deed, Katharine Jones in effect conceded that the first deed did not express the true intention of the parties and was in error in that respect. The correction deed twice recited that the former deed was in error as to the intention of the parties. Therefore, the interest which Katharine Jones acquired in the property must be measured by the correction deed, which expressly states:

"'There is hereby reserved to the grantor, his heirs and assigns an undivided one fourth interest in and to all oil, gas and minerals produced, found and saved on said described premises, or under the same. . . .'"

It then expressly provides that the grantor was to receive no part of any lease money, etc. Then in the warranty clause, grantor expressly excepted from his warranty the undivided interest theretofore decreed to Addie May Trumbly.

In Trumbla v. State ex rel., 191 Okla. 119, 126 P. 2d 1015, it is held:

"In earlier decisions much importance

was attached to the language used in the different clauses of a deed, but the modern tendency is to ignore the technical distinctions between the various clauses and to ascertain, if possible, the intention of the grantor from the entire instrument without undue preference to any part."

See, also, Wilson v. Olsen, 167 Okla. 527, 30 P. 2d 710.

In Porter v. Warner-Caldwell Oil Co., 183 Okla. 1, 80 P. 2d 252, it is held:

"In construing a deed the court must ascertain the grantor's intention from the entire instrument without undue reference to any part; and technical meaning of words must be held to give way to the manifest intent of the parties."

The correction deed is unlike the deed in Echolustee Oil Co. v. Johnston, 153 Okla. 92, 3 P. 2d 227. There, the only reference to mineral reservations in the deed was the exception in the warranty clause, which was an undivided ¼ interest in and to the oil and gas and other minerals. It was held that this was not sufficient to reserve to the grantor an undivided ¼ interest in the minerals. But, in the opinion it was said that from this exception to the warranty one would be led to believe that there was an outstanding undivided ½ interest in the oil, gas, and minerals. Under that and similar cases, the contention of plaintiff would be good as to the first deed given to Katharine Jones. But, in the correction deed which defines her interest, there is an express reservation to the grantor in the granting clause, immediately following the description of the land, reserving to the grantor, his heirs and assigns, ¼ interest in and to all oil, gas, and minerals produced from the land. The exception in the warranty clause goes to the ¼ interest theretofore decreed to Addie May Trumbly. It is clear that it was not intended that this ¼ interest, expressly reserved to the grantor, should pass to the grantee, and that the grantor was not warranting title to that part or interest in the land which had been de-

creed to Addie May Trumbly. The subsequent conduct of all the parties indicates as much.

Clifford Trumbly thereafter conveyed his ¼ interest to Fred P. Branson, and Addie May Trumbly conveyed her ¼ interest to Fred P. Branson. Katharine Jones, in her subsequent deed to plaintiff, Paschall, excepted from her warranty the ¼ interest theretofore sold to J. C. Miller and the ½ interest in the royalty from oil and gas. That ½ interest must have been the ¼ interest reserved by Clifford Trumbly in the correction deed and the ¼ interest theretofore decreed to Addie May Trumbly.

From what appears to be the manifest intention of all the parties in the several deeds and decrees, the judgment of the court defining and setting out plaintiff's, John N. Paschall's, interest in and to the premises involved is correct. The question of whether either of the interests decreed to defendants was participating or nonparticipating has become and is final against defendants by reason of the dismissal of their cross-petition in error.

Decree affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, and GIBSON, JJ., concur.