**MURPHY et al. v. ATHANS et al.**
No. 35791.

Supreme Court of Oklahoma.
Dec. 15, 1953.

Rehearing Denied Jan. 5, 1954.

462

Lattimore & Lattimore, Fort Worth, Tex., for plaintiffs in error.

William O. Leach, Duncan, Harry Hammerly, Chickasha, for defendants in error.

ARNOLD, Justice.

J. Athans and wife brought this suit in the District Court of Stephens County alleging that they were the owners of an undivided one-half interest in the oil, gas and other mineral rights under the NW¼ of NE¼ of Section 1, Township 1 North, Range 5 West, Stephens County; that the heirs of C. L. Murphy deceased claimed some right, title or interest in said minerals which were junior and inferior to the title of plaintiffs and constituted a cloud on their title and prayed that the title of plaintiffs be quieted against defendants. Service was had by publication. Defendants filed answer alleging that they were the heirs of Charles L. Murphy who died intestate prior to the institution of this suit; that they were the owners of the mineral interest claimed by Athans; that Athans took title to the property involved here as trustee for Murphy and conveyed same to Murphy; that Athans represented to Murphy that he had conveyed all his interest in the land; and prayed that plaintiff take nothing and that they recover the undivided one-half mineral interest in said land from plaintiff. Plaintiff filed a reply denying that defendants owned any interest of any kind in the land or that he ever represented to Murphy that he was conveying to Murphy all his interest in the land and alleging that Murphy knew at all times that Athans was retaining a one-half interest in the minerals under said land.

Plaintiff Athans testified that he bought 370 acres, which included the 40 acres here in question from A. B. Shortes on May 19, 1926; that under the deed given him by Shortes he acquired one-half the minerals under the 40 acres here in question. The warranty deed from Shortes to plaintiff was introduced in evidence, the granting clause of which is as follows:

"That A. B. Shortes * * * does hereby grant, bargain, sell and convey unto J. Athans the following described real property and premises situate in Stephens County, State of Oklahoma, to wit: (Here follows description of the whole tract including the 40 acres here in question.)

" * * * containing 370 acres more or less, according to the Government survey thereof, except one-half of all oil and gas royalty is hereby reserved by grantor in NW¼ of NE¼, Sec. 1–1N–5W with all rights of ingress for operation of said premises."

That on December 14, 1926, he executed a warranty deed to C. L. Murphy covering the entire 370-acre tract, conveying by said deed 330 acres in fee and the surface only of the 40 acres here involved, retaining to himself the one-half of the minerals which he owned under said 40 acres and that he was still the owner of said one-half the minerals under said 40 acres. Plaintiff Athans's deed to Murphy was introduced in evidence, the granting clause of which is as follows:

"That we, James Athans and wife, Russie Athans * * * have granted, sold and conveyed, and by these presents do grant, sell and convey, unto

the said C. L. Murphy of the County of Tarrant State of Texas all that certain tract or parcel of land situated in Stephens County, State of Oklahoma, and described as follows, to wit: (Here follows description of the whole 370-acre tract, including the 40 acres involved in this lawsuit.)

"* * * containing 370 acres, more or less, according to the Government survey thereof, except one-half of all oil and gas royalty is hereby reserved in NW¼ of NE¼ of Sec. one, Twp. 1 N., R. 5 W., with all rights of ingress for operation of said premises;

"and being the same land conveyed by A. B. Shortes to J. Athans by deed dated May 19th, 1926, and recorded in Vol. 168, page 623, Deed Records of Stephens County, State of Oklahoma."

(The above-quoted reservation refers to the minerals under the 40 acres involved in this case.)

Thereafter on December 13, 1929, C. L. Murphy executed and delivered to J. C. Graham his warranty deed, which was introduced in evidence, the granting clause of which describes the entire 370-acre tract (including the 40 acres here involved) and has no exceptions but the habendum clause thereof reads as follows:

"To Have and To Hold said described premises unto the said party of the second part, his heirs, and assigns, forever, except; a mortgage in favor of the Federal Land Bank of Wichita, Kansas for the sum of $400.00 which the grantee herein assumes and agrees to pay. And except all mineral rights on the NW¼ of NE¼ of Section 1, Township 1 North, Range 5 West, heretofore conveyed and an undivided one-half interest in the mineral rights in the balance of the land above described which have been already conveyed."

(The described 40 acres is the 40 acres involved in this case.)

Graham testified that he owned only the surface of the 40 acres here in question; that at the time he bought it Murphy told him he did not own any minerals under the 40 acres here involved but did own some minerals under the balance of the tract; that after he received the warranty deed from Murphy and as a part of the same transaction on December 14, 1929, he made a mineral deed to Murphy conveying one-fourth the minerals under the entire 370-acre tract, including this 40; that this 40 acres was included in said mineral deed through error, as he had never claimed to own any minerals under the 40. This mineral deed was introduced in evidence.

One L. R. Baker testified that at the request of and as an accommodation to plaintiff J. Athans he had shown this 370-acre tract of land to Murphy before Murphy bought it from Athans; that at that time Murphy stated that his deal with Athans was that he would get the surface and a portion of the minerals under all the land except the minerals under the 40 acres here involved.

Three of the defendants, sons of the deceased C. L. Murphy, testified that prior to the institution of this suit plaintiff Athans tried to get them to sign a quitclaim deed to the one-half mineral interest here involved stating to them that through error he had deeded to their father something he did not own and that he wanted to correct a wrong; that they were present at the time Athans and their father consummated the sale and purchase of the land here involved; that Athans told their father at that time that half of the mineral rights under the land had been sold for $50,000; that Shortes had retained one-half the minerals under the north 40 acres here involved but that Murphy would get everything else; that Murphy was getting all the land which he, Athans, had received from Shortes and that the deed would be drawn according to the deed Shortes had given him.

The court found that J. Athans was still the owner of an undivided one-half interest in the mineral rights under said 40 acres and entered judgment quieting the title of Athans therein against all the defendants. From order overruling motion for new trial defendants appeal.

Defendants contend that the language of the grant by Athans to Murphy is clear and unmistakable; that Athans warranted all the

land to Murphy except a one-half mineral interest in the 40 acres here involved and is estopped by his warranty to claim ownership of one-half the minerals under this 40 acres, and that parol evidence to prove an intention different from the terms of the deed was inadmissible.

This is not a suit for reformation of a deed and there is no allegation of mutual mistake or fraud. The instruments here involved are not ambiguous. The evidence in this case shows indisputably that Athans owned at least the surface and one-half the minerals in the entire tract of land, which he sold to Murphy; he warranted that he owned the entire title and excepted "one-half of all oil and gas royalty is hereby reserved in NW¼ of NE¼ of Sec. one, Twp. 1 N., R. 5 W., with all rights of ingress for operation of said premises"; Murphy therefore got Athans's one-half of all the minerals under the entire tract. Murphy warranted that he owned the entire tract and excepted in his transfer "all mineral rights on the NW¼ of NE¼ of Section 1, Township 1 North, Range 5 West, heretofore conveyed and an undivided one-half interest in the mineral rights in the balance of the land above described which have been already conveyed." Graham therefore got Murphy's one-half of the minerals under 330 acres and none of the minerals under the 40 acres involved in this case. The oral testimony of Graham that he got no minerals under the 40-acre tract stands undisputed and his deed from Murphy so shows. Murphy excepted all the minerals under the 40 acres and therefore knew that Graham had no minerals under that tract. The deed from Graham to Murphy of one-fourth of the minerals under the entire 370 acres therefore gave Murphy no more title to the minerals under the 40 acres than he already had. As Graham's deed to Murphy was ineffective to transfer any mineral rights in the 40 acres, after receiving Graham's deed Murphy owned one-half the minerals under the 40 acres (which he had received by his deed from Athans) and one-fourth the minerals under the balance of the tract (330 acres).

 The intention of the parties as evidenced by the deed from Athans to Murphy is perfectly plain: Athans was excepting from his warranty the one-half mineral interest in the 40 acres theretofore reserved by Shortes and was granting to Murphy the entire tract except that one-half interest. The foregoing deeds not being ambiguous, parol evidence was inadmissible to establish the meaning thereof or the intention of the parties. Gardner v. Jones, 198 Okl. 691, 181 P.2d 838. The judgment of the trial court holding that one-half the minerals under this 40 acres was still vested in Athans is clearly against the weight of the evidence.

The cause is reversed with directions to enter judgment in favor of defendants.

HALLEY, C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.