**Harry V. BRYAN, Edythe Bentley, Hollye Guiberson, Allen J. Bryan, Etta Mae Keener, Louise Casey and Allen J. Bryan, Executor of the Estate of E. F. Bryan, Deceased, Plaintiffs in Error,**

**v.**

**Minnie I. EVERETT, Loyd E. Coffman and Allie Coffman, Defendants in Error.**

**No. 38498.**

Supreme Court of Oklahoma.

Sept. 19, 1961.

147

Sparks & Boatman, Woodward, for plaintiffs in error.

Klem & Thomas, Shattuck, Wright & Lowrey, Woodward, for defendants in error.

WELCH, Justice.

This action was commenced by the plaintiff, L. D. Sargent, for the purpose of quieting his title to an undivided one-half interest in the minerals under a certain tract of land.

Plaintiffs in error and defendants in error were all made defendants in said action. Plaintiffs in error filed an answer and cross-petition, alleging that they were the owners of an undivided one-half interest in the minerals, and defendants in error herein did likewise claiming the same undivided one-half interest.

At the conclusion of all the evidence the trial court rendered judgment, quieting title to one undivided one-half interest in the minerals in the plaintiff, L. D. Sargent,

and the other undivided one-half interest in the defendants, Minnie I. Everett, Loyd E. Coffman and Allie Coffman, his wife, who appear as defendants in error herein. The controversy on appeal is between these defendants and the other cross-petitioners who appear here as plaintiffs in error. There is no appeal by any of the parties hereto as to the judgment in favor of the original plaintiff, L. D. Sargent.

The facts upon which the judgment of the trial court was founded are for the most part based upon deeds and instruments filed of record in Ellis County, Oklahoma.

The interest of L. D. Sargent was acquired through Alice Jenkin who reserved an undivided one-half interest in the minerals in her conveyance to E. F. Bryan, January 4, 1921. Thereafter, on November 5, 1921, E. F. Bryan and Alice Bryan, his wife, executed a warranty deed to said tract in favor of R. L. Dotson. The deed contained a reservation clause which reads as follows:

"Grantor reserves one-half of all the oil, gas and other minerals of commercial value which may be discovered on the land hereby conveyed, with all the rights of ingress and egress for the purpose of mining and operating the same."

Title 16 O.S.1951 § 29 provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

In the case of Rose v. Cook, 207 Okl. 582, 250 P.2d 848, 852, we said:

"* * * To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. * *"

This rule was followed in Cutright v. Richey, 208 Okl. 413, 257 P.2d 286, 287, wherein, in syllabus number four, we held:

"A grantor in a deed is presumed to have made all the reservations he in-

tended to make and he is not permitted to derogate from his grant by showing that some reservation was intended but not expressed."

Also see Kassner v. Alexander Drug Co., 194 Okl. 36, 147 P.2d 979; Greenshields v. Superior Oil Co., 204 Okl. 681, 233 P.2d 959; Cruzan v. M. K. & T. Ry. Co., Okl., 303 P.2d 313, and Whitman v. Harrison, Okl., 327 P.2d 680.

Since this court is definitely committed to the so-called "four corners doctrine," in construing the deed, the court must ascertain the grantor's intention from the entire instrument without undue reference to any part; and technical meaning of words must be held to give way to the manifest intent of the parties. Paschall v. Royalties Inc., 198 Okl. 646, 181 P.2d 558, and Rose v. Cook, supra.

Upon examination of the entire deed executed by E. F. Bryan and Alice Bryan, we find that the grantors warranted title to all of said tract including minerals, with the exception of an undivided one-half interest, which was reserved. Although the clause contained the word "reserve" we must construe it as an exception, since the grantors warranted title to all the property other than one-half interest which they could not convey because they did not own same.

We have held that the terms "reserving" and "excepting" will give way to the manifest intent, even though the technical term to the contrary is used. Burns v. Bastien, 174 Okl. 40, 50 P.2d 377, 378.

In the case of Burns v. Bastien, supra, we also held:

"It is a cardinal rule of construction that a conveyance must be so construed as to give effect to the intention of the parties when their intention can be ascertained."

"As a general rule, a reservation or exception in a deed may not be made in favor of a stranger or one not a party to the instrument, but it may, when so intended, operate as an exception to the grant."

The deed not being ambiguous, must govern and control as to intentions of the parties. We are unable to find anything in this deed to satisfy the rule that the deed must clearly express the reservation in the grantor. Therefore since the warranty by the grantors warranted title to all the property except an undivided one-half interest in the minerals, it must be deemed to have been the intent of grantors to except the undivided one-half interest which they did not own and as to that interest, could not warrant title.

Considering the deed as a whole in view of the record the words used would not indicate there was any intent on the part of the grantors to reserve or take back unto themselves any interest in said property.

The deed conveyed a fee simple title to all the property therein described, except the undivided one-half interest in the minerals which had been reserved in a previous conveyance by Alice Jenkin and is now vested in L. D. Sargent.

See Murphy v. Athans, Okl., 265 P.2d 461, and Ewing v. Trawick, 208 Okl. 311, 256 P.2d 182.

It is a well-settled rule of law that where the conveyance represents that the grantor is the owner of a particular interest in property and such interest is conveyed by the deed, the grantor is estopped by his general warranty to claim that the deed conveyed a less estate than grantor's complete ownership. Birmingham v. McCoy, Okl., 358 P.2d 824; Duhig v. Peavy-Moore Lumber Co. Inc., 135 Tex. 503, 144 S.W.2d 878, and Benge v. Scharbauer, 1953, 152 Tex. 447, 259 S.W.2d 166.

Such estoppel also operates against those claiming under such grantor. Duhig v. Peavy-Moore Lumber Co. Inc., supra.

Since we have held that no interest was reserved in E. F. Bryan and wife by the deed executed by them, the question as to foreclosure action need not be considered.

For the foregoing reasons the judgment of the district court is affirmed.