Myrtle A. BONEBRAKE et al.,
Plaintiffs in Error,

v.

Tom McNEILL et al., Defendants in Error.

No. 43790.

Supreme Court of Oklahoma.

Nov. 30, 1971.

Washington & Washington, Tulsa, for plaintiffs in error.

Elliott, Woodard & Rolston, Oklahoma City, for defendants in error, Tom Mc-

Neill, Ruth Ann McNeill, Eugene Vickrey and Loretha Vickrey.

Johns, Howell & Webber, Midwest City, for defendants in error, Tressa Pybass, Mrs. H. E. Welty, and The Union Ladies Aid Society of Sooner, a corp.

DAVISON, Vice Chief Justice.

This is an appeal from a judgment of the District Court of Oklahoma County, Oklahoma, sustaining the general demurrers of the defendants to the petition of the plaintiffs. The plaintiffs, Myrtle A. Bonebrake and others are the heirs of Henry F. Meloy. The petition alleges that on October 29, 1914, Henry F. Meloy and his wife, Amanda P. Meloy, were the owners in fee simple of 1 acre in the form of a square (12⅔ rods x 12⅔ rods) in the NW corner of the NW¼ of Section 9, Township 11 North, Range 2 West, Oklahoma County, Oklahoma, and on that day Meloy and his wife, Amanda P. Meloy, deeded the 1 acre tract to Union Ladies Aid Society of Sooner, a religious and educational corporation.

The habendum clause in the deed of October 29, 1914, is:

"To have and to hold said described premises unto the said party of the second part for a site to erect a building that the same may be used for religious and educational purposes and in the event that the here-in-before described property shall at any time cease to be used for religious and educational purposes for a period of one year and one, day, or in the event that the party of the second part or their successors should permit said property to be used for other than religious and educational purposes then and in that event such estate as is hereby vested in such party of the second part shall at once terminate and the title revert to the parties of the first part their heirs of assigns, said building never to be dedicated to any sectarian denomination while under the control of said Society."

The petition further alleges that in 1937, at a time Henry F. Meloy was deceased, each of the heirs of Henry F. Meloy gave a quitclaim deed to Ozro P. Meloy, the son of Henry F. Meloy, covering NW¼ of Section 9; that these deeds were given for the sole purpose of clearing the title to the NW¼ of Section 9 so that a sale might be affectuated and were not given for the purpose of relinquishing any rights in the 1 acre tract and Ozro P. Meloy did not intend to obtain any rights.

The petition also alleged that on August 15, 1947, Ozro P. Meloy and his wife, Edith Meloy, executed a quitclaim deed to Union Ladies Aid Society of Sooner, a corporation, covering the 1 acre tract and on the 3rd day of March, 1969, the Union Ladies Aid Society of Sooner conveyed by warranty deed to Tom McNeill and Ruth Ann McNeill, husband and wife, and Eugene Vickrey and Loretha Vickrey, husband and wife, as joint tenants; that because of this last sale, the property has been permitted to be used for other than religious and educational purposes, thus effecting a breach of the alleged condition subsequent appearing as the habendum clause in the deed of October 29, 1914, from Henry F. Meloy and wife, Amanda P. Meloy, to Union Ladies Aid Society of Sooner. The plaintiffs allege finally that this breach resulted in the 1 acre tract reverting to the heirs of Henry F. Meloy. There are other allegations in the petition constituting conclusions of law concerning the nature of the estate granted by the execution of the deed of October 29, 1914. A copy of each deed described in the petition is attached thereto as an exhibit.

Plaintiffs pray for a judgment granting them immediate possession of the 1 acre tract, quieting title in plaintiffs, a reasonable attorney's fee and other proper relief.

The defendants are the McNeills and Vickreys, the grantees in the deed of March 3, 1969, Tressa Pybas, Mrs. H. E. Welty and the Union Ladies Aid Society of Sooner, a corporation, hereinafter called

"Ladies Aid." We shall refer to the parties by their trial court designations. Each of the defendants filed a separate general demurrer except the McNeills and the Vickreys who joined in a separate general demurrer. The trial court upon sustaining each general demurrer entered judgment "in favor of defendants."

■ Plaintiffs, in their attack upon the judgment of the trial court, say first that in 1937 when each of the heirs of Henry F. Meloy executed a quitclaim deed to Ozro P. Meloy covering the NW¼ of Section 9 (including the 1 acre tract), the heirs did not have in the 1 acre tract "an interest sufficiently in esse to be subject to conveyance."

This argument is based upon the premise that the execution of the deed of October 29, 1914, from Henry F. Meloy and wife, to Ladies Aid covering the 1 acre tract constituted the grant of a fee simple estate upon a condition subsequent and that all the grantors retained was a right of reentry upon a breach of the condition and that this right is not transferable except to the owner of the property affected thereby. Consequently plaintiffs assert that the quitclaim deed from the Meloy heirs to Ozro P. Meloy did not convey this right of reentry and Ozro had nothing to convey to Ladies Aid by his deed of August 15, 1947, covering the 1 acre tract. We held in Ross v. Sanderson, 63 Okl. 73, 162 P. 709 (1917) that where the right of reentry is clearly implied there is no use for a clause reserving a right of reentry. We there said: "On the second proposition, the rule seems to be that, where there are express words in a deed which of themselves make a condition subsequent, there is no use of a clause reserving a right of re-entry for breach thereof in order to enable the grantor to avail himself of a forfeiture."

We do not agree with plaintiffs that the deed of October 29, 1914, from Henry F. Meloy and wife to Ladies Aid was the conveyance of a fee simple upon a condition subsequent. We hold this deed was the conveyance of a determinable fee simple. A possibility of reverter remained in the Meloy heirs. The language in the deed's habendum clause not only does not imply but clearly negates either an express or implied right of reentry to be₁ exercised either by self-help or by aid of the judicial process. The controlling language in the habendum clause is: " * * * in the event the hereinbefore described property shall at any time cease to be used for religious and educational purposes for a period of one year and one, day, or in the event that the party of the second part or their successors should permit said property to be used for other than religious and educational purposes then and in that event such estate as is hereby vested in such party of the second part shall *at once terminate* (emphasis supplied) and the title revert to the parties of the first part their heirs or assigns, * * * *" By providing for reversion to "party of the first part their heirs and assigns," the parties to the deed were saying that the grantor reserved a transferable interest. We said in Frensley et al. v. White et al., 208 Okl. 209, 254 P. 2d 982 (1953):

"There is, first, the determinable fee upon conditional limitation, which is a fee simple except that it is immediately terminated by the happening of some possible event, subsequently. The estate remaining in the grantor after the conveyance of such an estate is a possibility of reverter which he may convey, it being considered an interest in the land." See also London v. Kingsley, 368 Pa. 109, 81 A.2d 870 (1951); Franks v. Sparks, 217 Ga. 117, 121 S.E.2d 27 (1961); In accord: Restatement, Property, Future interests, § 159, p. 570.

■ The validity of the trial court's judgment has additional support. Kassner v. Alexander Drug Co., 194 Okl. 36, 147 P.2d 979 (1943); Fuhr v. Oklahoma City, 194 Okl. 482, 153 P.2d 115 (1944). In Kassner the owners of two city lots 145 feet long conveyed in 1902 the south 25 feet thereof to a railway company for a right-of-way or switch track with provision for

reverter upon abandonment to the grantors, their heirs and assigns. In 1905 the grantors conveyed the north 120 feet of said lots to Alexander Drug Co. without retaining by any language in the deed any reversionary rights in the south 25 feet granted as a right-of-way. Upon the railway company's abandonment of the 25 foot right-of-way abutting the north 120 feet of the lots, the question arose whether the 25 foot strip reverted to the heirs of the grantors of the strip or whether the strip reverted to the then abutting owner, the Alexander Drug Co. The heirs contended that the interest retained by the original grantors was not alienable. Rejecting the position of the heirs of the original grantors, we held, that by virtue of what is now 60 O.S.1961, §§ 29, 30, and 40, and what were Sections 4033, 4034 and 4043, of the applicable Wilson Code of 1903, the "distinctions between deeds on condition subsequent and deeds on conditional limitation are abolished, and all future interests are either reversions or remainders * * * and every remainder 'is to be deemed a conditional limitation'" and are alienable. In Fuhr we followed our ruling in Kassner.

■ The provisions of 16 O.S.1961, § 18, also warrants the trial court's judgment in sustaining the general demurrers to the petition of plaintiffs. This section, enacted in 1897, provides: "A quitclaim deed, made in substantial compliance with the provisions of this chapter, shall convey all the right, title and interest of the maker thereof in and to the premises therein described." The relevant quitclaim deeds of 1937 from the Meloy heirs are in substantial compliance with the form delineated in 16 O.S.1961, § 41. They are unambiguous and contain no reservation. We have never had occasion to determine the direct question that a quitclaim deed conveys the grantor's possibility of reverter or right of reentry or remainder interest

in the land covered thereby but we have held that such a deed conveys the grantor's interest in a special tax bill, pertaining to the land covered by the deed. Anchor Stone and Material Co. v. Pollok, Okl., 344 P.2d 559 (1959). In a carefully considered opinion, the U. S. District Court for the Eastern District of Oklahoma, applying 16 O.S.1961, § 18, held that a grantee's right to assert the doctrine of estoppel by deed is alienable by quitclaim deed. Callahan v. Stewart, 231 F.Supp. 115, 121 (1964). The courts of last resort in several other states have held that a possibility of reverter is freely alienable by deed under statutes which say in effect that any interest in or claim to real estate may be disposed of by will or deed. Shell Petroleum Corporation v. Hollow, C.A.10th, 70 F.2d 811, 813 (1934), cert. denied 293 U.S. 573, 55 S.Ct. 84, 79 L.Ed. 671 (1934); Kentucky Coal Lands Co. v. Mineral Development Company, C.A.6th, 295 F. 255, 257 (1924); Hamilton et al. v. City of Jackson, 157 Miss. 284, 292, 127 So. 302 (1930); Copenhaver v. Pendleton, 155 Va. 463, 155 S.E. 802 (1930).

■ The question as to whether parol evidence was admissible to show that grantors did not intend to convey a reversionary interest was decided adversely to plaintiff's contention in Jennings v. Amerada Petroleum Corporation, 179 Okl. 561, 66 P.2d 1069 (1937). In that case we said the extraneous circumstances may be proved only when the deed possesses elements of uncertainty, citing 15 O.S.1961, §§ 154 and 155. In the deed now under consideration there is no element of uncertainty. Also see Kassner v. Alexander Drug Co., supra; Ivey v. Wood, Okl., 387 P.2d 621, 624 (1963).

Judgment affirmed.

WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.