1999  OK CIV APP  114

Jimmie G. YOUNG, same person as Jimmy Young, and June Young, husband and wife, and Jim Young and June Young as Trustees of the Young Family Cemetery Trust, and Timothy J. Young, and Timothy E. Wells, Plaintiffs/Appellees,

v.

Ray VERMILLION, Cecilia Vermillion, Walter B. Anderson, Dorothy Jean Barnes, and the Trust Company of Oklahoma, Trustee of the William R. Albracht I.R.A., Defendants/Appellants.

No. 92,560.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 13, 1999.

Certiorari Denied Nov. 10, 1999.

918

Beth Outhier Williams, Muskogee, Oklahoma, for Appellants.

Robert S. Settles, Antlers, Oklahoma, for Appellees.

## OPINION

Opinion by CAROL M. HANSEN, Presiding Judge.

¶ 1 We granted rehearing in this decision upon a request by Appellees to allow briefing based on a finding the appeal was not an appeal submitted pursuant to the procedures for the appellate accelerated docket, rule 1.203, Rules of Civil Appellate Procedure, 12 O.S.1991 Ch. 15, App. 2. This Court ordered the parties to file briefs in accordance with Okla.Sup.Ct.Rule 1.10(a).

1. The 10 acres is a ⅛ interest.

2. At the time of this conveyance, Fields owned a ⅞ interest only.

3. This deed was not filed until 1951.

¶ 2 This lawsuit involves interpretation of a reservation in a quitclaim deed of an undivided one-half interest in the oil and gas and other minerals underlying a certain tract of land. There is no controversy about ownership of the surface. Plaintiffs brought suit claiming ownership of these minerals and alleging Defendants claimed some right, title or interest in the minerals constituting a cloud on their title. Defendants answered, claiming title to a 1/8th interest in these minerals.

¶ 3 At the time of the controversial conveyance, the grantor had already conveyed 7/8th of the minerals to a third party, and thus owned only a one-eighth interest in them. The dispositive issue is a determination of what interest passed by the quitclaim deed, and thus what interest, if any, remained in the grantor.

¶ 4 In 1936, while seized of a fee simple title to certain property in Latimer county, J.S. Fields conveyed by mineral deed an undivided interest in 10 mineral acres[1] to E.C. Edmonds. In February of 1937, Fields conveyed all of "my undivided interest in and to all of the oil and gas and other minerals" to J.J. Schuman.[2] In May of 1937, E.C. Edmonds conveyed all of the minerals back to Fields.[3] At this point Fields owned the surface and ⅛ interest in the minerals.

¶ 5 In 1939, Fields, by the above referenced quitclaim deed, conveyed the property to Dozier and Hattie Young. The deed contained the following exception:

EXCEPT THAT the grantor hereby excepts and reserves unto himself an undivided one-half interest of the oil and gas or other minerals or the proceeds therefrom which may be found . . . . . .

¶ 6 In 1965, Fields executed a deed conveying to Gary Wheeler a ⅛ interest in the minerals. Plaintiffs derive their title from Fields' deed to the Youngs, while Defendants derive title from Fields' deed to Wheeler.[4]

4. After Plaintiffs acquired the property, Fields executed another deed to Florence Schuman conveying an ⅛ interest in the minerals to her. She was listed as a defendant in Plaintiffs' petition, but she made no entry of appearance and is not claimed in the chain of title of either Plaintiffs or Defendants.

¶ 7 The trial court overruled Plaintiffs' motion for summary judgment. After receiving evidence the trial court entered judgment for Plaintiffs, finding, as a matter of law, that by the time Fields conveyed to Wheeler, Fields had already divested himself of all of his ownership in the property. Thus he had no interest to convey to Wheeler. It quieted title to one-half interest in the minerals in Plaintiffs. Defendants appeal. We reverse.

¶ 8 Plaintiffs relied on a decision by the Texas Supreme Court issued in 1940. That decision, *Duhig v. Peavy–Moore Lumber Co., Inc.*, 135 Tex. 503, 144 S.W.2d 878 (1940), stands for the proposition that where a *warranty deed* is executed by a grantor who owned one-half or less of the minerals, and the same grantor then attempted to convey and retain a one-half mineral interest, the warranty deed conveys to the grantee an absolute fee simple subject only to the reservation of the one-half interest previously retained by the grantor's predecessor in title. In *Duhig*, the Court stated the grantor and those claiming under him were estopped from claiming the one-half interest in the mineral rights which the grantor attempted to reserve for himself. *See, Manson v. Magee*, 534 So.2d 545 (Miss.1988). The grantor warrants the interest he is conveying. He may not claim the deed granted less than he owned. The grantor and his successors in interest are thus estopped from asserting any title to the reserved mineral interest until the grantee and his successors are made whole.

¶ 9 In the years since *Duhig* was issued, it has been accepted, in some form or other by courts of several states and rejected by others. The Oklahoma Supreme Court has applied *Duhig* in *Murphy v. Athans*, 1953 OK 373, 265 P.2d 461 and *Bryan v. Everett*, 1961 OK 209, 365 P.2d 146. Neither decision, however, dealt with a quitclaim deed. Neither do we find any other jurisdiction that has applied Duhig's rationale to conveyances by quitclaim deeds.

¶ 10 Plaintiffs argue to reserve minerals one must expressly limit the conveyance by express words, pointing out that the surface and the minerals are conveyed first and the reservation of minerals is second.

Therefore, the court must consider that first there was a conveyance of the surface and next a conveyance of one-half mineral interest and then and only then was there a reservation of one-half mineral interest in Fields. Even though true when referring to warranty deeds, it does not necessarily follow when the conveyance is by quitclaim deed.

¶ 11 Clearly, for the *Duhig* rule to apply there must have been a conveyance of a mineral interest. The present quitclaim deed does not purport to convey a mineral interest, only to reserve one-half interest in the minerals in the grantor. A quitclaim deed conveys only the interest of the grantor in the property described in the deed. It does not warrant to convey perfect title. *Bonebrake v. McNeill*, 1971 OK 146, 491 P.2d 269. The language of the reservation would therefore be surplusage if it were not intended to retain one-half of the minerals in the grantor.

¶ 12 In *Rosenbaum v. McCaskey*, 386 So.2d 387 (Miss.1980), the Court found a deed, similar to Field's deed, to be unambiguous. The successors in title there claimed the reservation was merely an exception of the one-half mineral interest previously conveyed away. The other side claimed it was an additional severance of one-half of the one-half interest then owned by the grantor. The Court held the reservation retained in the grantor an undivided one-half interest in the tract, and transferred whatever was left, in that case the surface only, to the grantee.

¶ 13 The Mississippi Court distinguished the *Duhig* rule stating: "A quitclaim deed operates only as a conduit to pass the grantor's interest to the grantee. To determine what interest passes by a quitclaim deed, a grantee, or any interested person, must look to the chain of title prior to the deed to determine what interest the grantor had to convey and subtract therefrom any express reservation in the quitclaim deed. If the grantor had a smaller interest than the deed purports to convey, the grantee may not complain. The grantor by a quitclaim deed makes no representation, covenant or warranty of title and has no duty or obligation to

protect the conveyance against any prior conveyance to others in the chain of title."[5]

¶14 Plaintiffs attempt to convince us that 16 O.S.1991 § 29 requires us to apply *Duhig* to quitclaim deeds as well as to warranty deeds. This section provides:

> Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words.

¶15 Although this section does not make specific mention of quitclaim deeds as an exception to the "fee simple" estate, conveying by quitclaim does limit the fee simple estate conveyed to that owned by the grantor. This argument fails to require us to apply *Duhig* to quitclaim deeds.

¶16 Fields had no duty to notify his grantee of any interest he did not own. The reservation had the effect of reserving one-half of the mineral interest in Fields, regardless of the amount he actually owned at the time of the conveyance. Fields had already conveyed away ⅞ of the mineral interest, thus he retained his ⅛ interest. With this in mind, the Youngs received no interest in the minerals.

¶17 Accordingly, the trial court erred in its judgment. Fields, owning 1/8th of the minerals, did indeed convey them to Wheeler in the later 1965 deed.

¶18 REVERSED AND REMANDED with directions to enter judgment for Defendants.

CARL B. JONES, C.J., and ADAMS, J., concur.

5. In accord, *Hill v. Gilliam*, 284 Ark. 383, 682 S.W.2d 737 (1985).