GARRAWAY *v.* BRYANT, et al.

No. 39667          May 23, 1955          80 So. 2d 59

*Williams & Williams,* Poplarville, for appellant.

*R. L. Calhoun,* Hattiesburg, for appellees.

APPELLANT IN REPLY.

Arrington, J.

This suit was filed in the Chancery Court of Perry County by N. G. Bryant and Charles W. Kelly against I. A. Garraway to remove clouds from the title to an undivided one-half interest in all oil, gas and other minerals, in, on and under 80 acres of land, which mineral interest was alleged to be owned by N. G. Bryant and leased to Charles W. Kelly. The defendant, appellant herein, denied that N. G. Bryant owned an undivided one-half interest in the minerals and claimed to be the owner thereof by virtue of a reservation in a deed from appellant to the predecessors in title of Bryant.

The chancellor cancelled all claims of appellant to the oil, gas and other minerals. The facts are as follows: On January 20, 1937, the Federal Land Bank of New Orleans conveyed to I. A. Garraway the lands involved herein, with the following reservation: "One-half interest in all minerals is hereby reserved to the grantor." On March 12, 1945, I. A. Garraway conveyed the same lands to A. J. Fairley and wife, Alice Fairley, by warranty deed, which deed contained a reservation reading, "I reserve one-half of all gas, oil and other minerals." No exception was made of an undivided one-half interest in the minerals which had previously been reserved by the Federal Land Bank. Thereafter, on July 2, 1953, A. J. Fairley and Alice Fairley conveyed all their interest in the oil, gas and other minerals to N. G. Bryant. On July 3, 1953, N. G. Bryant executed an oil, gas and

mineral lease to Charles W. Kelly for a primary term of ten years.

It is the contention of appellees that by virtue of the warranty deed executed by I. A. Garraway to A. J. Fairley and Alice Fairley, that the grantees in said deed acquired the title to an undivided one-half interest in the oil, gas and other minerals which was subsequently conveyed by them to N. G. Bryant.

Appellant contends that it was not his intention to convey any interest in the oil, gas and other minerals, but that he intended to reserve unto himself the one-half interest in the minerals owned by him, and that the chancellor erred in holding that parol evidence was inadmissible to show that the reservation in his deed was for the purpose of reserving unto himself one-half of the oil, gas and other minerals.

This case is controlled by the case of Salmen Brick & Lumber Co., Ltd. v. Williams, et al., 210 Miss. 560, in which this Court said:

"The 1926 deed considered alone unambiguously conveyed the surface and one-half of the minerals to the grantee, the Williams Yellow Pine Company. It conveyed by general warranty the 'fee simple' title, reserving one-half of the minerals. The deed in no way indicates that the grantor owned only one-half of the minerals, and on its face it vested in appellees' predecessor in title, the Williams Company, one-half of the minerals. Yet appellants say that the grantor therein failed to convey what it warranted it was conveying, because under the precedent exception in the Hines Trustees, the grantor, Salmen Company, had only one-half of the minerals when the deed was executed. But there is no ambiguity on the face of the 1926 deed; it conveyed to the Williams Company one-half of the minerals."

The deed from I. A. Garraway to A. J. Fairley and Alice Fairley was plain and unambiguous, and conveyed one-half of the minerals. Parol evidence

was, therefore, inadmissible to vary the terms of the deed. Sumter Lbr. Co., Inc. v. Skipper, et al., 183 Miss. 595, 184 So. 296. ▮▮ It is the duty of the Court to construe the deed as it is written. Abeney v. Lewis, 213 Miss. 105, 56 So. 2d 48; Dale v. Case, 217 Miss. 298, 64 So. 2d 344, 37 A. . R. 2d 811; Westbrook v. Ball, (Miss.) 77 So. 2d 274.

▮▮ When the deed is considered with the deed from the Federal Land Bank to Garraway, an item in the chain of title of appellees, it necessarily follows, since Garraway only acquired an undivided one-half interest in the minerals by deed from the Federal Land Bank, and since he warranted the title to an undivided one-half interest in the oil, gas and other minerals to A. J. Fairley and Alice Fairley, that the chancellor committed no error in cancelling all claims of appellant to the undivided one-half interest in the oil, gas and other minerals owned by N. G. Bryant.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.