MERCHANTS & MANUFACTURERS BANK *v.* DENNIS, et al.

No. 40319 December 10, 1956 91 So. 2d 254

*L. K. Saul,* Ellisville; *Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellant.

450

*Glender Dennis,* Ellisville; *Pershing B. Sullivan,* Hattiesburg, for appellees.

HALL, J.

This suit was brought by the appellant to remove as a cloud on its title to 80 acres of land the claim of Glender Dennis to an undivided one-half oil, gas and mineral interest therein and a mineral lease made by him to Wallace R. Gunn which had been assigned to Humble Oil & Refining Company . The bill of complaint sets out a complete deraignment of title from the Government down to date and also has attached thereto as exhibits several deeds which have been executed, including a mineral deed to C. M. Crider for an undivided one-half interest in and to all of the oil, gas and other minerals of every kind and character, in, on, and under the land herein involved, which deed is dated January 14, 1941, and was recorded February 5, 1941. There is also exhibited a deed from Hilton Grice to D. W. Dees for the entire land without any mention of the previous conveyance by him of a one-half interest in the minerals, which deed was recorded August 10, 1942. There is also exhibited a deed from D. W. Dees and wife to the appellant conveying the said land without any mention of the prior conveyance of one-half of the minerals, which deed is dated November 30, 1944, and was filed for record December 13, 1944.

There is next exhibited a special warranty deed from the appellant to Carl A. Welch for said land, dated December 12, 1944, and recorded the same day. This deed contains the following provision: "It being especially understood and agreed that one-half of the oil, gas and mineral rights are reserved by the grantor and not deeded herein. A right of way over to and across said land is reserved for the purpose of exploration or utilization of said oil, gas or minerals and that the payment of existing leases, having already been assigned, is not included. Any further lease money or royalty money received for the one-half owned by said Welch is to be applied to the

reduction of the within described indebtedness, situated in the First District of Jones County, Mississippi."

There is next exhibited a deed from Carl Welch and wife Hazel Welch to M. R. Wade, dated April 2, 1945, and recorded April 10, 1945, conveying the same land with this addition, "together with one-half of all mineral rights of said lands". There is next exhibited a deed from the heirs of M. R. Wade to Glender Dennis, dated June 14, 1955, and recorded July 6, 1955. This deed provides as follows: "An undivided one-half (1/2) interest in and to all oil, gas and other minerals in, on and under the above described lands, having been heretofore conveyed or reserved by former owners, is excepted from this conveyance. By this conveyance, grantors convey and warrant unto grantee the above described lands and an undivided one-half (1/2) interest in and to all of the oil, gas and other minerals in, on and under the above described lands."

The defendants filed a demurrer to the bill and the same was sustained by the chancellor, from which action the Merchants & Manufacturers Bank appeals here.

 Under the above mentioned status of the pleadings appellant contends that it is the owner of an undivided one-half interest in the minerals. We do not think so and in our judgment this case is controlled by what was said in Salmen Brick & Lumber Co. v. Williams, 210 Miss. 560, 50 So. 2d 130, and in the more recent case of Garraway v. Bryant, 80 So. 2d 59, not yet reported in State Reports. In drawing deeds, the words "reserve" and "except" are frequently used interchangeably when applied to minerals, and we think that all that the Bank obtained under its deed from Dees was an undivided one-half oil, gas and mineral interest and that when it conveyed to Welch and reserved only a one-half oil, gas and mineral interest, the remaining one-half interest therein went to Welch. This is emphasized by the provision in the deed, as above quoted, that any

further lease money or royalty money received for the one-half owned by said Welch is to be applied to the reduction of the within described indebtedness, which indebtedness was a vendor's lien which, according to the exhibits to the bill, was fully satisfied and cancelled on April 2, 1945. Appellant in its brief points out that the deed from the Bank was only a special warranty deed and that the deeds mentioned in the Salmen and Garraway cases were warranty deeds, but in view of the above mentioned statement as to lease money or royalty money received for the one-half owned by Welch, we are of the opinion that this is a recognition by appellant of the fact that Welch was receiving a one-half mineral interest under the deed and it makes no difference that the conveyance was only by special warranty. Our conclusion would be the same even if it were only a quitclaim deed. We think the ruling of the chancellor was correct and his decree is therefore affirmed.

Affirmed.

*Roberds, P. J., Kyle, Arrington* and *Gillespie, JJ.,* concur.