BRANNON, et ux. *v.* VARNADO, et al.

No. 40903 November 10, 1958 106 So. 2d 386

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson, for appellants.

*Heidelberg & Sutherland, Joe A. Thompson, M. M. Roberts,* Hattiesburg, for appellees.

ROBERDS, P. J.

The appellants contend, by their bill in this cause, that Barney Brannon is the fee simple owner of an undivided one-fourth mineral interest in lands located in Forrest County, Mississippi, described as the Northeast Quarter and the North Half of the Southeast Quarter of Section 33, Township 5 North, Range 14 West. The bill has attached thereto, as a part thereof, copies of the conveyances affecting the title to said one-fourth mineral interest. Respondents to the bill, George C. Varnado, Jr., Wallace R. Gunn, and The Humble Oil & Refining Company, who are the appellees, deny that Brannon owns any interest whatever in the minerals in and under said tract. They say the exhibits to the bill, which prevail over the allegations in the bill, show that Brannon is not the owner of any such mineral interest. They filed demurrers in the trial court, which were sustained. Appellants declined to plead further, and their bill was dismissed, from which action they prosecuted an appeal to this Court.

The bill shows that Brannon's claim is grounded in these circumstances: On July 25, 1940, George D. McInnis, Jr., and his wife, by warranty deed, conveyed to Barney Brannon the North Half of the Southeast Quarter of said Section 33, the grantors reserving and retaining in themselves one-half of the mineral rights in said land.

On May 25, 1942, George D. McInnis, Jr., and his wife executed to Barney Brannon a warranty deed conveying the Northeast Quarter of said Section 33. This deed, by its terms, excepted from its provisions and reserved unto

the grantors a one-half undivided mineral interest in the lands described therein. These two deeds vested in Brannon only a one-half undivided mineral interest in said lands.

On August 13, 1946, Barney Brannon and his wife executed a warranty deed to G. C. Varnado conveying all the above-described lands and other lands not here involved. This instrument, by its terms, undertook to except from the conveyance and reserve unto Barney Brannon a one-fourth undivided mineral interest in the lands here involved.

On November 24, 1950, G. C. Varnado, by warranty deed, conveyed said lands to George C. Varnado, Jr., reserving one-eighth of the minerals.

On October 3, 1955, George C. Varnado, Jr., executed to Wallace R. Gunn a mineral lease on said lands, which lease Gunn assigned to Humble Oil & Refining Company December 2, 1955.

As stated, Brannon was vested with only half of the minerals. He warranted title to Varnado to three-fourths of the minerals. The question is could Brannon retain one-fourth of the minerals when he warranted the title to three-fourths and didn't own but one-half. Inclusion within the warranty of the one-fourth interest attempted by Brannon to be reserved would yet have resulted in a default of one-fourth of the minerals to Varnado. In other words, reservation of the one-fourth was contrary to, and in direct violation of, the obligations of Brannon under his warranty. He could not convey and warrant and reserve and retain the same thing at the same time. His warranty obligation was superior to his reservation rights. Salmen Brick & Lumber Co., Ltd., et al. v. Williams, et al., 210 Miss. 560, 50 So. 2d 130; Garraway v. Bryant, et al., 224 Miss. 459, 80 So. 2d 59; Merchants & Manufacturers Bank v. Dennis, et al., 229 Miss. 35, 91 So. 2d 254. This is not a bill to reform. We construe the deeds as written and as applied to the facts of this case.

■■ Appellants also say that the parties hereto adopted a practical construction as to their respective mineral interests and that the defendant-appellees, by such action, recognizod that Brannon was vested with a mineral interest in said land. The bill does aver that there was a mineral lease outstanding on said land, subject to renewal by payment of annual rentals, and that such rentals were paid to McInnis, Brannon and Varnado.

Subhead 2 to the case of Salmen Brick and Lumber Company v. Williams, supra, announces the applicable rule of law in these words: ''If wording of deed is ambiguous, practical construction placed thereon by parties will have much weight in determining meaning, and if deed is subject to two possible constructions, one more favorable to grantee and other more favorable to grantor, that construction more favorable to grantee will be adopted.'' As we interpret the situation here the effect of the provisions of the deed from Brannon to Varnado is not ambiguous, and the fact that rentals were paid to the different parties is not determinative of the effect of the provisions of the deed.

■■ Appellants say the demurrers were improperly sustained because the bill charged fraud on behalf of the respondents. The charge was that appellees practiced a fraud by executing an oil and gas lease covering a claimed interest in lessors greater than they actually owned and which infringed on the rights of appellants. That action was not by its nature a fraud and the assertion rested on a conclusion. That was not sufficient to charge legal fraud. Griffith, Mississippi Chancery Practice, 2 Ed., p. 162, Section 176; Gambrell Lumber Company v. Saratoga Lumber Company, 40 So. 485 (Miss.)

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.