LUCAS *v.* THOMPSON, et al.

No. 41550          April 24, 1961          128 So. 2d 874

*Roach & Jones,* McComb, for appellant.

*Joe N. Pigott,* McComb, for appellees.

LEE, P. J.

Pearlie David Thompson and wife filed their bill of complaint against Irvine Earl Lucas in which they claimed to be the owners of an undivided one-half of all mineral rights in 46 acres of land, as described therein. They attached certified copies of three deeds, as Exhibits A, B and C, under which they claimed title.

Exhibit A was a deed from G. A. Betz and wife, dated January 6, 1939, by which they conveyed to W. G. Burrage an undivided one-half interest in the oil, gas and other minerals in and under the 46 acres of land, described in the bill of complaint. This deed was duly acknowledged, and was filed for record January 27, 1939.

Exhibit B was a deed from G. A. Betz and wife, dated December 21, 1942, by which they conveyed and warranted unto Pearlie David Thompson the same 46 acres of land. The deed was acknowledged on the same day, and was filed for record December 23, 1942. (There was no reference whatever to minerals.)

Exhibit C was a deed, dated November 1, 1952, by which Pearlie David Thompson and wife conveyed and warranted to Irvine Earl Lucas the same 46 acres of land ''subject, however, to the reservation hereby made of one-half undivided interest in and to all of the oil, gas and other mineral rights in, on or under the above described land, full right of ingress and egress for purposes of exploration, development and removal of same.'' The deed was acknowledged on the same date and was filed for record November 3, 1952.

There was no allegation either of fraud or mutual mistake nor was there any ground stated for a reforma-

tion of the deed. The prayer of the bill sought to have their title to one-half of the mineral rights quieted and confirmed.

The defendant denied that the complainant had any title to such one-half mineral interest; denied that they had reserved such interest in their deed to him of date of November 1, 1952; but admitted the contents of the three exhibits. He made his answer a cross-bill in which he claimed that he owned one-half interest in the minerals; and he therefore prayed for the cancellation of the claim of the complainants, and that his title thereto should be quieted and confirmed.

Over the objection of the defendant, the court permitted Thompson to testify that, on November 1, 1952, at the time of his execution of the deed to Lucas, he did not know that any mineral interest had been conveyed; that he thought he owned all of such rights; and that he did not discover this fact until the spring of 1959, when he was attempting to lease the land.

In the decree, the court expressed the opinion that the parties were in good faith and believed that they each owned a one-half interest in said minerals, but without the knowledge that a one-half interest therein had been previously conveyed. A one-fourth of the mineral rights was awarded to each of the parties and their titles thereto were quieted and confirmed accordingly.

From the decree entered, Lucas appealed.

In Salmen Brick and Lumber Co. v. Williams, 210 Miss. 560, 50 So. 2d 130, where the appellant's grantor, in its deed, reserved one-half of all oil, gas and other minerals, it was held that the appellant, by that deed, took title to only one-half of such minerals; and that when it subsequently conveyed the land, with a reservation in practically the same verbiage, it had no further mineral interest in the land.

In the case of Garraway v. Bryant, 224 Miss. 459, 80 So. 2d 59, the Federal Land Bank of New Orleans, on

January 20, 1937, conveyed the land in question to I. A. Garraway with the following reservation: "A one-half interest in all minerals is hereby reserved to the grantor." Thereafter, on March 12, 1945, I. A. Garraway conveyed the same land to A. J. Fairley and wife, Alice Fairley, by warranty deed, which contained this reservation: "I reserve one-half of all gas, oil and other minerals." No exception was made of an undivided one-half interest in the minerals which had previously been reserved by the Federal Land Bank. Later, on July 2, 1953, A. J. Fairley and Alice Fairley conveyed all their interest in the oil, gas and other minerals to N. G. Bryant. This Court held that "The deed from I. A. Garraway to A. J. Fairley and Alice Fairley was plain and unambiguous, and conveyed one-half of the minerals"; and that Garraway had no further mineral interest in the land. Cf. Merchants and Manufacturers Bank v. Dennis, 229 Miss. 447, 97 So. 2d 254.

In the case of Brannon v. Varnado, 234 Miss. 466, 106 So. 2d 386, Barney Brannon's claim arose in this way: George D. McInnis and wife, on July 25, 1940, conveyed to Brannon by warranty deed 80 acres of land, with the grantors reserving and retaining in themselves one-half of the mineral rights. Later, on May 25, 1942, these same grantors conveyed to Brannon by warranty deed 160 acres of land, the deed expressly excepting from its provisions and reserving unto the grantors a one-half mineral interest therein. These two deeds therefore vested in Brannon only a one-half undivided mineral interest in this 240 acres of land. But, on August 13, 1946, Barney Brannon and wife, by their warranty deed, conveyed all of this land to G. C. Varnado; but the instrument attempted to except from the conveyance and reserve unto Barney Brannon a one-fourth undivided mineral interest in the land. G. C. Varnado, by his warranty deed dated November 24, 1950, conveyed the lands to George C. Varnado, Jr., reserving one-eighth of the min-

erals. Barney Brannon and wife then brought suit against George C. Varnado, Jr. and others to cancel certain instruments as clouds on their title to an undivided mineral interest in the land. Demurrers were sustained to the bill of complaint; and this Court, in affirming the decree of the trial court said: "As stated, Brannon was vested with only half of the minerals. He warranted title to Varnado to three-fourths of the minerals. The question is could Brannon retain one-fourth of the minerals when he warranted the title to three-fourths and didn't own but one-half. Inclusion within the warranty of the one-fourth interest attempted by Brannon to be reserved would yet have resulted in a default of one-fourth of the minerals to Varnado. In other words, reservation of the one-fourth was contrary to, and in direct violation of, the obligations of Brannon under his warranty. He could not convey and warrant and reserve and retain the same thing at the same time. His warranty obligation was superior to his reservation rights."

The Thompsons, on November 1, 1952, without any ambiguity in the deed, conveyed the 46 acres of land to Lucas and attempted to reserve one-half of the minerals. At that time, however, they actually owned only one-half of such minerals; but the deed in no way indicated that this was the true situation. Obviously they could not convey one-half of the minerals—all that they owned— and at the same time reserve one-half of the minerals. As said in Brannon v. Varnado, supra, their warranty obligation was superior to their reservation rights.

It was error to admit the oral testimony of Thompson, as there was no ambiguity in the deed.

However, since the Thompsons, at the time when this suit was filed, owned no mineral interest in the land, the decree of the trial court is reversed; and a decree will be entered here in favor of the appellant, quieting

and confirming his one-half mineral interest in the land in question.

Reversed and decree here for the appellant.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.,* concur.