386 So.2d 387 (1980)
I.A. ROSENBAUM, Jr., et al.
v.
T.S. McCASKEY et al.
No. 52014.
Supreme Court of Mississippi.
July 30, 1980.
*388 Deen, Cameron, Prichard & Young, R.B. Deen, Jr., C. Jerome Kittrell, Meridian, for appellants.
Thompson, Alexander & Crews, Arlin C. Ruthven, Jackson, for appellees.
Before ROBERTSON, P.J., and WALKER and BOWLING, JJ.
WALKER, Justice, for the Court:
I.A. Rosenbaum, Jr., Maude R. Fliegelman, individually, and Maude R. Fliegelman, as trustee for Sidney L. Rosenbaum, filed suit to remove clouds and confirm title to an undivided one-fourth interest in all oil, gas and minerals in 40 acres of land in Wayne County described as the SW 1/4 of the NW 1/4 of Section 21, Township 6 North, Range 6 West. They appeal from the final decree of the Chancery Court of Wayne County dismissing their bill of complaint with prejudice.
The facts necessary to present the issue before the Court may be briefly stated. On March 19, 1947, I.A. Rosenbaum, Sr., conveyed by quitclaim deed to T.S. McCaskey approximately 1700 acres, including the above described 40-acre tract. The deed contained the following recital:
It is understood and agreed that the grantor herein is to retain one-half (1/2) of all oil, gas and mineral rights in the above described lands, together with one-half (1/2) of all rentals and royalties.
At the time of this conveyance Rosenbaum owned the entire surface and one-half the minerals, having previously conveyed an undivided one-half interest in the minerals in the 40 acres to one W.G. Terry. The record does not reflect what interest Rosenbaum owned in the other property conveyed, this suit being confined to the one 40-acre tract.
I.A. Rosenbaum died and devised all of his estate to the appellants, I.A. Rosenbaum, Jr., Maude R. Fliegelman and Sidney Rosenbaum. The appellees' interest is derived from the conveyance by Rosenbaum to T.S. McCaskey.
The question before this Court is whether I.A. Rosenbaum reserved any estate in the minerals by the quitclaim deed to T.S. McCaskey. The appellees (successors in title to T.S. McCaskey) claim the reservation in this quitclaim deed was merely an exception of the one-half mineral interest previously conveyed to W.G. Terry. The appellants (Rosenbaums) claim it was an additional severance of one-half of the one-half interest then owned by Rosenbaum.
Had this instrument been a warranty deed, there is no question that Rosenbaum would have retained no interest, notwithstanding the recital in the deed that he was to retain a half interest in the minerals. If a grantor conveys and warrants land but *389 excepts or reserves one-half the minerals, at a time when one-half the minerals are outstanding in a third party, he is held to have conveyed the whole surface and one-half the minerals. Since one-half the minerals was all he had to convey the grantor is left with no interest, the rationale being that the grantor's warranty obligation to convey half the minerals is superior to his reservation rights. See, e.g., Lucas v. Thompson, 240 Miss. 767, 128 So.2d 874 (1961); Brannon v. Varnada, 234 Miss. 466, 106 So.2d 386 (1958); Garraway v. Bryant, 224 Miss. 459, 80 So.2d 59 (1955); Salmen Brick & Lumber Co., Ltd. v. Williams, 210 Miss. 560, 50 So.2d 130 (1951).
All the above cases involved warranty deeds. As pointed out in 1 Williams & Meyers, Oil and Gas Law, § 311 (1978), there are two rationales to sustain the result that the grantor retains no interest, both of which appear in Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878 (1940). The first characterizes the problem as one of construction only. Construed as a whole the deed shows an intent to convey to the grantee all the surface and one-half the minerals. The reservation clause merely withdraws that one-half interest which the grantor does not own from the operation of the grant. The second rationale is that the grantor retains the one-half mineral interest that he owns, but he is estopped to assert his reservation, by analogy to the doctrine of estoppel by deed against assertion of after-acquired title.
As stated above, this Court has consistently reached the same result as in Duhig in cases involving warranty deeds. We have found no similar cases in this or any other jurisdiction involving a deed without a warranty. By statute a deed with no warranty has the same legal effect as a quitclaim deed.[1] Such a deed passes to the grantee whatever interest the grantor has in the land conveyed, along with a contingent right to claim any interest the grantor may later acquire in the conveyed land.[2]
A quitclaim deed operates only as a conduit to pass the grantor's interest to the grantee. To determine what interest passes by a quitclaim deed, a grantee, or any interested person, must look to the chain of title prior to the deed to determine what interest the grantor had to convey and subtract therefrom any express reservation in the quitclaim deed. If the grantor had a smaller interest than the deed purports to convey, the grantee may not complain. The grantor by a quitclaim deed makes no representation, covenant or warranty of title and has no duty or obligation to protect the conveyance against any prior conveyance to others in the chain of title. In such a situation our statute affords the grantee the right to claim for himself any interest in the land covered by the description in the deed, even if that interest is not then owned by the grantor, but is subsequently acquired by him.[3]
Viewed in this light the quitclaim deed from Rosenbaum to McCaskey is unambiguous. It reserves or retains unto Rosenbaum an undivided one-half mineral interest in the entire 40 acre tract and transfers to McCaskey whatever is left  in this case, the surface.
*390 The learned chancellor erred in dismissing the bill of complaint. He apparently relied, in part, on an analogy to the doctrine of estoppel to assert an after-acquired title. This doctrine is not applicable to the facts of this case. The quitclaim deed unambiguously reserves a one-half interest in the title to McCaskey. Since the quitclaim deed does not convey the interest Rosenbaum retained, his heirs are not estopped to assert title to that interest. It was neither conveyed nor subsequently acquired.
The appellants admit, however, that it was intended that the appellees should have an undivided one-fourth mineral interest in the 40 acres and seek only to confirm their title to an undivided one-fourth mineral interest.[4] In view of this admission we, therefore, now hold that the quitclaim deed from Rosenbaum to McCaskey transferred an undivided one-fourth mineral interest to McCaskey in this particular 40-acre tract, and we quiet and confirm the Rosenbaum heirs' title to an undivided one-fourth mineral interest therein.
For the above reasons, the case is reversed and rendered.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Mississippi Code Annotated section 89-1-37 (1972) provides: "A conveyance without any warranty shall operate to transfer the title and possession of the grantor as a quitclaim and release."
[2] Mississippi Code Annotated section 89-1-39 (1972) provides: "A conveyance of quitclaim and release shall be sufficient to pass all the estate or interest the grantor has in the land conveyed, and shall estop the grantor and his heirs from asserting a subsequently acquired adverse title to the land conveyed."
[3] See McLaurin v. Royalties, Inc., 231 Miss. 240, 95 So.2d 105 (1957), where the Court held that a quitclaim deed which purports to convey "all my right, title and interest" does not purport to convey any interest other than that vested in the grantor at the time of the execution of the quitclaim deed. In such a case the grantor is not estopped to assert an after-acquired title and such after-acquired title does not inure to the benefit of the grantee in the deed, since the estoppel is coextensive only with the estate, right or title conveyed.
[4] Various memoranda, mineral leases and a ratification and rental division order show that the Rosenbaums have always recognized that the McCaskeys owned at least an equal interest with them in the minerals.