Ralph SCHULZ, Personal Representative of the Estate of Frank P. Schulz, Deceased, Plaintiff and Appellee,

v.

Alex J. HAUCK and Hildegard Hauck, Defendants,

and

Carl W. Schnaidt and Anna Schnaidt, Defendants and Appellants.

Civ. No. 9982.

Supreme Court of North Dakota.

Nov. 12, 1981.

Jon Bogner of Kubik, Bogner, Bleth & Ridl, Dickinson, for plaintiff and appellee.

David F. Senn of Baird Law Firm, Dickinson, for defendants and appellants.

VANDE WALLE, Justice.

Carl W. Schnaidt and Anna Schnaidt appealed from a judgment of the district court, Dunn County, which determined their mineral interest in a parcel of land. We affirm.

The Schnaidts purchased 480 acres of land and contend that they received one-half of the mineral interest in the entire 480 acres. It is uncontested that the State of North Dakota owns the other one-half interest. The estate of a prior grantor, Frank Schulz, claimed that it owned a one-

fourth interest in the entire 480 acres, or 120 mineral acres, and brought an action to quiet title. The trial court ruled that intervening conveyances were ambiguous and allowed as evidence an unrecorded land-purchase agreement to show that the intent of prior grantors and grantees was to convey a one-fourth mineral interest to the Schnaidts' grantor.

A number of conveyances are involved in the facts of this appeal. There is no question by either party that Frank Schulz and Anna Schulz obtained 480 surface acres and 240 mineral acres on September 15, 1950.

The Schulzes subsequently entered into a purchase agreement with Alex and Hildegard Hauck on December 15, 1958. The agreement never was recorded. It provided that the sellers, the Schulzes, were to retain a 25-percent mineral interest, or 120 mineral acres. However, when a warranty deed conveying the land to the Haucks was executed on March 8, 1959, no mineral interest was reserved. On March 28, 1959, the Haucks executed a mineral warranty deed to the Schulzes conveying an undivided one-half interest in the minerals in and under the entire 480 acres. The deed was limited to the mineral interest owned by the Haucks "as disclosed by the public records." Approximately one year later, on March 18, 1960, the Schulzes executed a mineral warranty deed to the Haucks. This deed conveyed "an undivided one-fourth (¼) interest in and to all of the oil, gas, casinghead gas, casinghead gasoline and other minerals in and under and that may be produced from [the entire 480 acres] . . . It is the intention of the grantors herein to sell and convey unto the grantees an undivided one hundred twenty (120) mineral acres." On October 20, 1967, the Haucks conveyed the 480 acres by warranty deed to the Schnaidts. No reservation of mineral interest was contained in the deed. The Schnaidts claim that because they were good-faith purchasers their interests should be protected. If true, they would not be on notice that they purchased anything less than what the record title indicated the Haucks owned. The trial court, however, ruled that the record title to the mineral interest created a question about the amount of mineral interest the Haucks owned. Because a question existed in the record title, the Schnaidts had constructive notice that they may not have received 240 mineral acres with the land they purchased from the Haucks. Because they had constructive notice they were not innocent purchasers. The trial court then permitted the use of the land-purchase agreement to explain the intent of the Schulzes and the Haucks as to the extent of the mineral interest conveyed by the mineral deeds. The agreement stated that the Schulzes were reserving a 25-percent interest in the minerals.

Two questions are presented:

1. Were the Schnaidts on notice that the mineral record title did not clearly indicate the mineral interest which the Haucks could convey?

2. Did the trial court err when it permitted the use of the land-purchase contract to explain the intent of the Haucks and the Schulzes in the two mineral deeds?

■ The warranty deed from the Haucks to the Schnaidts conveyed the entire 480 surface acres and did not reserve any mineral interest. We have previously decided that "It is a well-established rule that a general conveyance of land, without any exception or reservation of the minerals therein, carries with it the minerals as well as the surface." *Kadrmas v. Sauvageau*, 188 N.W.2d 753, 755 (N.D.1971).[1] A person dealing with real property is charged with notice of properly recorded instruments affecting the title. *Northwestern Mutual Savings & Loan v. Hanson*, 72 N.D. 629, 10 N.W.2d 599, 602 (1943). "A 'mineral interest' is a real property interest . . ." *Texaro*

1. As between the Haucks and the Schnaidts there may be some question as to the mineral interest conveyed due to the absence of any mineral reservation in the warranty deed. Mr. Schnaidt, at trial, however, testified that Mr. Hauck told him he would convey whatever mineral interest that he, Hauck, had. Schnaidt also testified that the amount of the mineral interest conveyed did not form a basis of their transaction.

*Oil Co. v. Mosser*, 299 N.W.2d 191, 194 (N.D. 1980). As between the Schnaidts and third parties who might claim a mineral interest in the property, the Schnaidts are held to notice of the record title of the mineral interests. The record title indicates that the State of North Dakota owns a one-half mineral interest in the entire 480 acres. The record title also contains the warranty deed from the Schulzes to the Haucks and the two mineral warranty deeds; one from the Haucks to the Schulzes, on March 28, 1959, and the other from the Schulzes to the Haucks, on March 18, 1960. The Schnaidts' interest, therefore, is whatever interest the Haucks owned after March 18, 1960.

■ The Schulzes started with 480 surface acres and a one-half mineral interest, or 240 mineral acres. They executed a warranty deed to the Haucks with no reservation of minerals, thereby conveying the entire surface and one-half of the mineral interest, or 240 acres. The first mineral warranty deed from the Haucks to the Schulzes, on March 28, 1959, granted an undivided one-half mineral interest in the entire 480 acres. However, within the granting clause and following the land description is: "The foregoing conveyance shall each and all be with reference only to such mineral rights as the grantor herein may own, as disclosed by the public records." Without that sentence the Haucks appear to be conveying back to the Schulzes the one-half mineral interest. But the intent of the quoted sentence is not clear. Does it condition the warranty to the extent of the minerals that the Haucks owned or does it mean that the Haucks intended to convey a one-half interest in the mineral rights that they owned? The language is clearly ambiguous. If the Haucks used that language only to limit their warranty, it appears that they intended to convey a one-half interest in the entire 480 acres. If they used that language to convey a one-half interest in their one-half interest, then the Schulzes received only a one-fourth mineral interest in the 480 acres. The Schnaidts argue that the language was used to convey a one-fourth mineral interest, because the Haucks intended to convey one-

half of their one-half interest. In view of our decision in *Kadrmas v. Sauvageau, supra*, the Schnaidts' interpretation supports the position that the language is ambiguous. In *Kadrmas* we concluded that a reservation cannot be in derogation of the grant. The grantor in *Kadrmas* attempted within the granting clause to both grant the mineral interest he owned and to reserve it. The Schnaidts' interpretation would do that also.

The second mineral deed, on March 18, 1960, from the Schulzes to the Haucks conveyed an undivided one-fourth mineral interest in the entire 480 acres. As in the first mineral deed there is a sentence which follows the land description: "It is the intention of the grantors herein to sell and convey unto the grantees an undivided one hundred twenty (120) mineral acres." This language explicitly states the intent of the grantors, the Schulzes. If the Schulzes owned, at a minimum, the mineral interest they conveyed to the Haucks, then the Schnaidts, in turn, received at least a one-fourth mineral interest in the entire 480 acres from the Haucks. The Schnaidts, however, are claiming a one-half mineral interest in the entire 480 acres. The Schnaidts' claim is unquestionable as to the one-fourth mineral interest. The ambiguity of the first mineral deed, however, makes it questionable that the Schnaidts have an interest greater than one-fourth.

We believe that the trial court did not err when it ruled that the Schnaidts were not good-faith purchasers. There are two reasons why the Schnaidts should have been on notice that there was a question as to the mineral interest which the Haucks could convey. The first is the existence of the repeated conveyances of the mineral interest between the same two parties. The second is the ambiguity in the first mineral deed. Both provided constructive notice that the Schulzes might own a portion of the mineral interest. Because the Schnaidts had constructive notice of the possibility of other outstanding claims they cannot argue that they were innocent purchasers who should be able to take free of other claims.

The second issue is whether or not the trial court erred when it permitted the use of the unrecorded land-purchase agreement to explain the parties' intent. In *McDonald v. Antelope Land & Cattle Co.*, 294 N.W.2d 391, 393 (N.D.1980), we faced a similar problem in attempting to interpret the words in a mineral reservation. We said that Section 47–09–11, N.D.C.C., "provides that grants of real property are to be interpreted in like manner with contracts in general." Because a mineral interest is a real-property interest we are able to utilize contract rules of construction in interpreting these mineral deeds.

"Section 9–07–02, N.D.C.C., provides that the language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." *McDonald, supra,* 294 N.W.2d at 393–394. Whether or not a contract or its terms are clear and unambiguous is a question of law. *Atlas Ready-Mix of Minot v. White Properties*, 306 N.W.2d 212, 220 (N.D.1981). When parol evidence is admitted to explain ambiguous matters in an agreement it is up to the trier of fact to determine the effect of the evidence upon the ambiguity. *Thomas C. Roel Associates, Inc. v. Henrikson*, 295 N.W.2d 136, 137 (N.D.1980). Conclusions of law are fully reviewable by this court while findings of fact are not set aside unless clearly erroneous. *Schwarting v. Schwarting*, 310 N.W.2d 738, 740 (N.D.1981).

The trial court permitted the use of the land-purchase agreement to demonstrate the parties' intent as to the mineral estate to be conveyed with the surface acreage. The land-purchase agreement was not recorded and therefore was extrinsic evidence. It is apparent to us that the trial court concluded as a matter of law that the deeds conveying the land and minerals between the Schulzes and the Haucks were ambiguous. Although the findings of fact and conclusions of law do not specifically indicate the reason that the land-purchase agreement was admitted, the court would have no reason to turn to the purchase agreement if the deeds were clear on their face.

We agree with the trial court's decision that extrinsic evidence was needed to determine the parties' intent. The trial court was free to hear and admit extrinsic evidence of the parties' intent. The unrecorded land-purchase agreement of December 15, 1958, was offered and admitted. It describes the same land which was conveyed by warranty deed from the Schulzes to the Haucks. Language of the agreement which is relevant here is the following: "The seller [Schulz] agrees to transfer 50% of the mineral rights that he owns on this land. This is 25% of the total mineral rights on the land." The trial court as the trier of fact decided that this language demonstrated the Schulzes' intent to transfer to the Haucks a 25-percent, or one-quarter, mineral interest in the entire 480 acres, or 120 mineral acres. We do not believe that the trial court's findings were clearly erroneous in this factual determination. Rule 52(a), N.D.R.Civ.P. Because the parties' intent was to convey a one-quarter mineral interest the subsequent mineral deeds were attempts to conform the recorded instruments to the parties' intent.

We cannot find error in the trial court's judgment that the warranty deed of March 8, 1959, conveyed a one-half mineral interest to the Haucks; that the Haucks conveyed the one-half mineral interest back to the Schulzes in the mineral deed of March 28, 1959; and that the Schulzes conveyed a one-fourth mineral interest to the Haucks in the mineral deed of March 18, 1960. As between the Schnaidts and third persons, the Schnaidts owned only what the Haucks could convey, a one-fourth mineral interest in the entire 480 acres, or 120 mineral acres.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.