## CHAMBERLAIN *v.* MEEDER.

A discharge in bankruptcy does not discharge the mortgage debt, so far as it is necessary to uphold the mortgage.

M. gave to C. a mortgage of real estate to which he had no title, with the usual covenants of seizin and warranty, and (having in the mean time obtained his discharge in bankruptcy) subsequently acquired title, giving a simultaneous mortgage back to his grantor. *Held,* that M. was estopped in a suit to foreclose the first mortgage, to deny his title at the time it was made, and that this discharge could not be used to impair its legal effect.

But *it seems,* that the mortgage to his grantor would have priority over the mortgage given before he acquired the title.

Chamberlain *v.* Meeder.

WRIT OF ENTRY founded on a mortgage dated April 10, 1841, from the defendant to D. Clement & Co., assigned to the plaintiff. Plea, the general issue.

The plaintiff produced the mortgage and the note mentioned in the condition, duly assigned and indorsed to him. The mortgage described the premises as "the same the mortgager bought of Isaac Morse," with a reference to his deed for a description, and contained the usual covenants of seizin and warranty.

The defendant offered to show that at the date of the mortgage he had no title to the premises, and that D. Clement & Co. knew that fact; that subsequently he was discharged in bankruptcy, and since that time had acquired title and immediately mortgaged back.

The court ruled, that these facts if proved would constitute no defence to this action; and thereupon a verdict was taken for the plaintiff, by consent, subject to the opinion of this court.

*Wilcox,* for the defendant. The simple question is whether the bankrupt law is itself bankrupt, or whether it had any vitality.

The case discloses that when the mortgage was given the defendant had no title. After his discharge he acquired a title. The covenants are discharged by the bankruptcy. The subsequent conveyance should not enure to the benefit of the plaintiff.

*Morrison,* for the plaintiff. The question is whether the bankrupt act shall have an omnipotent operation. The fact that the defendant had no title does not affect the covenants. Although he had no title, the covenants were not broken immediately. *Willard* v. *Twitchell,* 1 N. H. 177; Greenl. Ev. 29. He was in possession. He should be estopped by that covenant to defeat an action brought on a covenant of warranty. The principle is that after-

acquired title will pass. A case of bankruptcy forms no exception. The court will apply the doctrine of estoppel to work out the justice of the case. The covenant of warranty is still in force.

1. A claim for unliquidated damages is not within the act. Owen on Bank. 162; Chitty on Con. (5 Ed.) 186. So of trespass for mesne profits, Doug. 584, where damages are uncertain or can not be proved. So of a covenant to build houses. 6 D. & E. 489. And a covenant by the vendor that he had a good title where the vendee has sustained special damage. 7 D. & E. 613. So also of a covenant by A. for the due payment by B. of a fine. 4 Bing. 209; 13 Eng. C. L. 403. So damages for not accepting a quantity of oil tendered before the bankruptcy, are not discharged by the act. 8 Adolph. & E. 701; 35 Eng. C. L. 505; Chitty on Bills 689, 690, 691, notes (last Ed.) 31, 34; Pitman's Prin. and Surety 136, 137.

2. Here there had been no breach of the covenant of warranty at the time of the bankruptcy. The provision in relation to contingent debts has no application. Sec. 5. The English act of the 6 George IV, contained a similar provision. 1 Har. Dig. Bankrupt; 1 Montague 320; 1 B. & Adol. 698; 13 E. C. L. 294; 27 do. 97; 9 B. & C. 145.

Bankruptcy can not bar any claim which the party can not prove under the act. It could not be known what the damage was, nor under what circumstances the eviction would take place.

3. The mortgage is saved by the act. It renews the mortgage in all its parts. The mortgage would be impaired if the covenants were destroyed.

*Wilcox,* in reply. We do not understand that the case finds that the defendant was in possession when the mortgage was executed. It is only stated by way of recital in the deed. Is it justice that the party should be held after

he is discharged from his debts? The debt here is discharged. The doctrine of estoppel ought not to apply. We proposed to prove that if any covenant was broken it was the covenant of seizin. The rule of damages would be certain. The mortgage can not go beyond his debt. The mortgage subsists so far as to uphold the title which has passed, but not so as to pass any after-acquired property.

PARKER, C. J. Had this action been brought against the defendant prior to the proceedings in bankruptcy, he could not have made a defence under any plea. It would not have availed any thing for him to show that he had no title, and he could not avoid the deed and his covenants by showing that the mortgagees knew that he had no title, and that his covenants were false. If he was in possession, the mortgage would have transferred that, so as to enable the mortgagees to hold, not only against him, but against any one else who could not show a better title.

The proceedings in bankruptcy did not discharge the debt, so far as it is necessary that it should subsist to uphold the mortgage. The mortgagees might have maintained an action against the defendant on the mortgage after those proceedings, if he had not acquired title. Are they in a worse situation because he has since acquired such title? Were it not for the proceedings in bankruptcy, the title he thus acquired would have passed by the estoppel. If the discharge prevented that, it could go no farther. It could not defeat the mortgage. That is saved by the act. If the discharge does not defeat it, how can the title subsequently acquired defeat it? That title can be of no greater validity by reason of the discharge, unless the discharge operates to defeat the mortgage, which it is evident it does not. And if it does not defeat or impair the mortgage, we do not perceive why all the title which the defendant subsequently acquired does not pass by

estoppel, by force of the warranty, as if the discharge had not been granted.

It seems however, taking the whole subsequent transaction together, that the defendant acquired only a right of redemption. The conveyance to him and the mortgage back formed parts of the same transaction, and it would operate unjustly upon the party who thus conveyed to the defendant (and he is not chargeable with notice of the defendant's previous conveyance when he had no title), to separate the facts of that transaction, and thus by one part of it pass the land to the defendant, and then to the plaintiff by virtue of the estoppel; leaving the other part, to wit, the mortgage back to the grantor, at most but a mortgage of the right of redeeming from the plaintiff's mortgage.

A judgment against the defendant, probably, will not bind the person from whom he took his title and to whom he mortgaged back at the same time. But the defendant has no defence.

*Judgment for the plaintiff as of mortgage.*