**Pete R. SCARMARDO et al., Appellants,**

v.

**Anne L. POTTER, Appellee.**

**No. B2491.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1981.

Rehearing Denied March 11, 1981
With Opinion.

Jay M. Vogelson, Moore & Patterson, Dallas, for appellants.

William C. Lipsey, Goode, Hoelscher & Lipsey, College Station, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

Pete R. Scarmardo and Amalgamated Bonanza Petroleum, LTD. appeal from a judgment entered in favor of Anne L. Potter, Jordan Engineering Inc., and its assignees. In controversy, is the ownership of an undivided one-eighth mineral interest in two tracts of land located in Brazos County. Reversed and rendered.

The parties stipulated the following facts and issues. On May 27, 1957, Herman E. Frieling, et al. (Frieling), being the fee simple owners of the two tracts of land involved in this appeal, conveyed by warranty deed such property to E. F. Bond (Bond), reserving an undivided one-half mineral interest. On April 30, 1958, Bond delivered a warranty deed conveying the land to

George E. Potter and his wife, Anne L. Potter (Potter). The deed into Potter reserved the one-half mineral interest previously retained by Frieling. On January 8, 1959 Potter and wife delivered a warranty deed conveying the lands to Pete R. Scarmardo (Scarmardo) one of the appellants herein and such deed contained the following language:

"Being the same two tracts of land conveyed by E. F. Bond to George E. Potter, et ux, by deed dated April 20th, 1958, and recorded in Volume 188, page 693, of the Deed Records of Brazos County, Texas."

The deed also contained the following mineral interest reservation clause:

"Grantors retain an undivided ⅛th interest in and to all the oil, gas and other minerals in and under above described tract of land..."

The deed made no exception to the one-half mineral interest previously reserved by Frieling. Scarmardo, on February 20, 1962, conveyed the property by warranty deed to G. M. Easterling and wife (Easterling). The deed contained a description of the land as conveyed and also the following provisions:

"Grantors retained an undivided ⅛th interest in and to all the oil, gas and other minerals...

There is also reserved and excepted from this conveyance an undivided one-half (½) of all the oil, gas and other minerals ... as retained in deed from Herman E. Frieling et al to E. F. Bond dated May 27, 1957..."

There have been several conveyances of the above described property in the chain of title since the conveyance from Scarmardo to Easterling. All such subsequent deeds have reserved from each particular conveyance both the one-eighth mineral interest retained by Potter and the one-half mineral interest retained by Frieling. None of such subsequent grantees claim an interest in the mineral interest involved.

On September 16, 1977 Mrs. Potter, now a widow, executed an Oil, Gas, and Mineral Lease, leasing to Jordan Engineering, Inc. (Jordan) "one-eighth (⅛) of all oil and gas

minerals retained by George Potter in the Deed recorded January 8, 1959." Thereafter, Jordan made various assignments of its rights under the lease. These assignees were all joined in this suit as named Counter-Defendants. On April 29, 1978 Scarmardo executed an Oil, Gas and Mineral lease, leasing to Amalgamated Bonanza Petroleum, Ltd. (Bonanza) "a one-eighth (⅛) undivided mineral interest in [the property] conveyed by Pete R. Scarmardo to G. M. Easterling".

At trial, both sides claimed title to the undivided one-eighth mineral interest, reserved by Potter, and specifically sought the following relief: Plaintiffs, Appellees herein, prayed for judgment for title and possession of the mineral interest in question and for orders removing any cloud to Plaintiff's title. The Defendants, Appellants herein, filed a counterclaim seeking a declaratory judgment declaring the reservation of the undivided one-eighth mineral interest by Potter in their warranty deed to Scarmardo void, declaring the interest of Jordan and its assignees in said one-eighth undivided interest void and declaring valid and quieting title to the said undivided one-eighth mineral interest.

The parties stipulated the following issues:

1) "Is fee simple title to that certain undivided one-eighth mineral interest in dispute vested in Anne Potter or Pete R. Scarmardo and wife, Rosa Scarmardo?"

2) "Is the oil, gas and mineral leaseholder of that certain undivided one-eighth mineral interest in dispute herein Jordan Engineering, Inc. and its assigns, or Amalgamated Bonanza Petroleum, Ltd.?"

Attorneys for all parties to the suit filed briefs and memoranda of law with the Court on the disputed questions of law for the trial court's consideration and determination. Upon the record of title presented and shown therein, the trial court decreed that Potter recover from Scarmardo and Bonanza title and possession to the undivided one-eighth interest in all oil, gas and

other minerals in and under the property in question. The court further ordered and declared Jordan to be the leaseholder of said one-eighth interest and all cloud to Potter's one-eighth mineral interest removed. The court further found Scarmardo had no title or interest in the mineral estate of the subject property and declared the lease from Scarmardo to Bonanza void.

Appellants' first and second points of error contend the trial court erred in failing to declare invalid the attempted reservation by Potter of the mineral estate and the lease executed to Jordan, and that the court erred in failing to quiet title in the mineral estate in Scarmardo and declare valid his lease to Bonanza. The basis of these contentions is since Potter failed to mention in his deed to Scarmardo the one-half mineral estate previously reserved by Frieling, seven-eighths of the undivided mineral estate was therefore warranted to Scarmardo. Also, since Potter owned only one-half of the minerals, he breached his warranty of title. Therefore, the Appellants contend that the failure of Potter to except the one-half undivided mineral estate in the warranty deed to Scarmardo requires a finding that the attempted reservation by Potter of the undivided one-eighth of the mineral estate is of no force and effect and that this conclusion is necessary to remedy the breach of warranty.

■ Appellants rely on the case of *Duhig v. Peavy-Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940). In that case the fee-simple owner of the surface and mineral rights of a tract of land (Gilmer) conveyed the property to Duhig, reserving a one-half undivided mineral interest. Duhig then conveyed by warranty deed the property to the Miller-Link Lumber Co. (Miller-Link). In that conveyance, Duhig reserved a one-half undivided mineral interest, but did not mention the one-half undivided mineral interest previously reserved by Gilmer. The principle issue before the court was whether or not Duhig was the owner of the one-half interest he reserved, or whether Miller-Link owned the one-half interest. Miller-Link contended that the failure of

Duhig to include the exception by Gilmer prevented Duhig from claiming the interest he reserved. The Supreme Court of Texas states in its opinion what rules of law are to be applied. The Court first considered the literal meaning of the deed from Duhig to Miller-Link:

" . . . the language of the deed as a whole does not clearly and plainly disclose the intention of the parties that there be reserved to the grantor Duhig an undivided one-half interest in the minerals in addition to that previously reserved to Gilmer's estate, and that when resort is had to established rules of construction and facts taken into consideration which may properly be considered, it becomes apparent that the intention of the parties to the deed was to invest the grantee with title to the surface and a one-half interest in the minerals, excepting or withholding from the operation of the conveyance only the one-half interest theretofore reserved in the deed from Gilmer's estate to Duhig."

The Supreme Court affirms this rationale on the theory of estoppel.

"It is a general rule, supported by many authorities, that a deed purporting to convey a fee simple or a lesser definite estate in land and containing covenants of general warranty of title or of ownership will operate to estop the grantor from asserting an after-acquired title or interest in the land, or the estate which the deed purports to convey, as against the grantee and those claiming under him." (Citations)

The court concluded Duhig did reserve for himself a one-half interest in the minerals and this "covenant is not to be construed as affecting or impairing the title so reserved." The covenant, however, does operate "as an estoppel denying to the grantor [Duhig] and those claiming under him the right to set up such title against the grantee and those who claim under it." Therefore, Duhig breached his warranty and was estopped from relying on his deed to Miller-Link as reserving in himself a one-half interest because he failed to with-

hold from the operation of the conveyance the one-half undivided interest previously reserved by Gilmer.

In the case at bar, the facts differ slightly, but the result is the same. Potter, in his deed to Scarmardo, failed to mention Frieling's previously reserved one-half interest. Instead, he only reserved a one-eighth mineral interest in himself. Scarmardo sold the property to Easterling by general warranty deed and specifically excluded in this conveyance to Frieling's previously reserved one-half mineral interest and also conditioned the conveyance on the one-eighth interest reserved by Potter. Applying the rules and principles of law expressed in *Duhig*, we conclude that Potter breached his warranty at the very time of the execution and delivery of the deed to Scarmardo, for the deed warrants the title to the surface estate and to an undivided seven-eighths interest in the minerals. Potter thereby purported to convey to Scarmardo an undivided seven-eighths interest at a time when he only owned one-half. Under *Duhig*, Scarmardo is entitled to all of Potter's reserved interest. Since the reserved interest of Potter is insufficient to make Scarmardo whole, Scarmardo would have a cause of action in damages for breach of warranty for an additional undivided three-eighths of the mineral interest.

Appellants in their third point of error contend that the trial court erred in finding that Potter was vested with title to the undivided one-eighth mineral interest by the terms of the Scarmardo to Easterling conveyance because it revealed knowledge on the part of Scarmardo of Frieling's previous reservation of an undivided one-half interest in the mineral estate. We agree. The estoppel by deed rule in *Duhig* emanates from the scope of the warranty clause and therefore the knowledge of the grantee is immaterial. If a grantee, after receipt of the deed, subsequently obtains knowledge of a prior outstanding interest not mentioned in the deed by his grantor, the grantee is not prevented from asserting any title to interests held by the grantor. *Body v. McDonald*, 79 Wyo. 371, 334 P.2d 513 (1959).

Having considered all points of error, we conclude and declare Appellants to be the owners of the undivided one-eighth mineral interest in dispute, the lease of Appellees to Jordan and its assignees invalid and void, and the lease from Appellants to Bonanza valid.

The judgment of the trial court is reversed and judgment here rendered as above indicated.

## ON MOTION FOR REHEARING

On rehearing appellees urge us to reconsider our holding in light of *Pich v. Lankford*, 295 S.W.2d 749 (Tex.Civ.App.—Amarillo 1956), rev'd on other grounds, 157 Tex. 335, 302 S.W.2d 645 (1956). In that case it was held a breach of warranty clause in prior deeds in grantees' chain of title did not vest a royalty interest in the grantees when this interest was excluded from the conveyance by their immediate grantor. Additionally, in *Pich*, the grantees claiming the prior royalty interest not withheld from the operation of the prior deeds in their chain of title actually received the interest intended to be conveyed to the grantees.

In the present case the situation is different. Scarmardo, as the grantee, is claiming a prior royalty interest previously reserved but not mentioned in the deed from his immediate grantor (Potter). Thus, Scarmardo is making claim to interests held by his immediate grantor who breached his warranty in the deed of conveyance. Due to Potter's breach, Scarmardo did not receive the interest intended to be conveyed. Therefore, Potter is estopped from claiming any interest she holds to such amount as is necessary to make Scarmardo whole. *Duhig v. Peavy-Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940).

*Pich* is not controlling or pertinent to the ruling in the present case because in that case: (1) the grantees received the interests intended to be conveyed to them, (2) the grantees' immediate grantor withheld from the operation of the conveyance the interests previously retained and committed no

breach of warranty, and (3) the breach on which the grantees based their claim for the additional royalty interest occurred in conveyances prior to the deed delivered to the grantees.

The motion for Rehearing filed by Appellees is overruled.